■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE RICHARD DARRAH, Appellant.— STALEY, JR., J. Appeal from a judgment of the County Court of Clinton County rendered on April 10, 1967 upon a verdict convicting defendant of grand larceny in the second degree, petit larceny, and two counts of unlawful entry. The defendant was indicted by the Grand Jury of Clinton County in September, 1965. Indictment No. 47 charged the defendant with burglary, third degree (six counts), petit larceny (two counts), and grand larceny, second degree (two counts). Indictment No. 34 also charged the defendant with criminally possessing a weapon as a felony. On September 30, 1965 both indictments were transferred from the Supreme Court, Clinton County to the County Court of Clinton County for disposition. The principal issue raised on this appeal is whether or not the defendant was denied a speedy trial as provided by sections 8, 668, and 669-a of the Code of Criminal Procedure. On October 21, 1965 defendant was arraigned and counsel assigned. The attorney so assigned was a candidate for legislative office and thereafter was elected thereto. During the period between October 21, 1965 and January 16, 1966, the defendant was returned to Franklin County for trial of an indictment pending there, and he pleaded guilty to the charge in Franklin County and was sentenced to Clinton Prison. On January 16, 1966 defendant wrote a letter to the District Attorney of Clinton County advising him of his place of incarceration, and requesting that the charges in Clinton County be prosecuted immediately. The District Attorney replied to his letter, and stated that he would like to dispose of the charges at the February 1966 Term of court. On May 24, 1966, because of defendant's assigned counsel's unavailability by reason of his legislative duties, defendant's present attorney was assigned in substitution. On August 31, 1966 defendant appeared in court with his counsel, and the District Attorney moved indictment No. 34 for trial. Defendant moved to dismiss both indictments on the ground he had been denied a speedy trial which motion was denied. Defendant then moved to suppress certain evidence obtained in a search of defendant's house on July 7, 1965 which motion, after a hearing, was granted, and defendant's motion to dismiss indictment No. 34 was then granted. The District Attorney then moved that indictment No. 47 be put over to the next term of court to be held in October, 1966. Defendant objected to this adjournment, again calling the court's attention to the time limitation of 180 days. The People made no effort at the opening of the October 1966 Term of court

to move indictment No. 47 for trial and, on October 28, 1966, the defendant obtained an order to show cause returnable on November 15, 1966 for an order granting leave to inspect the Grand Jury minutes. The court reserved decision on this motion until it had an opportunity to review the minutes. On November 28, 1966, the District Attorney advised the court that the Grand Jury minutes had only been half transcribed, and the court put the case over to the February 1967 Term of court, again over defendant's objection. On February 15, 1967 the court denied the defendant's motion to examine the Grand Jury minutes and set the case down for trial on February 27, 1967 at which time the case was tried, and defendant was found guilty of the crimes of unlawful entry (two counts); petit larceny, and grand larceny in the second degree. On the issue of defendant's denial of a speedy trial, the People contend that the defendant did not serve notice as prescribed by section 669-a of the Code of Criminal Procedure, and that his letter written to the District Attorney did not comply with the notice requirements of that section. The People also contend that the only issues presented with regard to section 669-a are whether the defendant waived his right to a trial within the statutory period of 180 days and whether, if he did not waive his right, the delay was for good cause. Implicit in the defendant's letter, is a request and demand for a speedy trial. Embodied in section 8 of the Code of Criminal Procedure is the guarantee of a speedy trial. The Legislature supplemented section 8 by enacting sections 668 and 669-a of the Code of Criminal Procedure. Section 668 provides: "If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable, after it is found the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown." Section 669-a provides that a prisoner shall be brought to trial within 180 days after written notice of his request for a final disposition of his indictment has been given to the District Attorney "provided, that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter, may grant any necessary or reasonable continuance." Although the defendant's letter to the District Attorney did not strictly comply with section 669-a, it was, nevertheless, effective to assert defendant's right under the statute. In any event, the defendant's motions to dismiss may be treated as a motion to dismiss under sections 8 and 668 of the Code of Criminal Procedure. A prisoner does not waive his right to move for a dismissal under section 668 either by first resorting to section 669-a or a failure to comply with the provisions of section 669-a. (*People* v. *Bryant*, 12 N Y 2d 719; *People* v. *Segura*, 6 N Y 2d 936.) The State has a duty of according a prisoner a speedy trial, and the burden of proving good cause for delay is on the prosecution. What amounts to "good cause" for delay must be determined in reference to the particular facts in each case. (*People* v. *Prosser*, 309 N. Y. 353.) The first appearance in court of the defendant, after his letter request for an immediate trial on January 16, 1966, was May 24, 1966 at which time substitute counsel was assigned to the defendant. Although the delay during this period was attributed by the District Attorney to defendant's original assigned counsel's unavailability, the District Attorney was undoubtedly aware of the situation as early as February when he had expected to bring the case to trial. The selection of assigned counsel is solely within the province of the court. A defendant is, however, entitled to the assignment of competent, capable, adequate, and effective counsel. Where a court appoints counsel at such a time, or under circumstances as to preclude the giving of effective assistance of counsel, relief may be granted. On August 31, 1966, when the defendant moved to dismiss under section 669-a, the court denied the motion by reason of the fact that the District Attorney had been

engaged in a two-month murder trial, and because a change of counsel for the defendant was necessitated. Assuming that "good cause" was established at that date, the failure to try the case at the October Term of court, and the adjournment of the trial to February, 1967, objected to by the defendant, do not constitute good cause for delay. The delays occurred by reason of the failure to move the case for trial at the opening of the October Term, and further by reason of the inability of the District Attorney to have the minutes of the Grand Jury proceedings transcribed, and cannot be attributed to the defendant. Prior to the trial on February 27, 1967, the defendant again renewed his motion to dismiss indictment No. 47 for failure to comply with section 669-a, which motion was denied. An examination of the record reveals a series of delays over a 13-month period from January, 1966 to February, 1967 with good cause shown only for a portion of that period. The delay occasioned in this case, particularly for the period from August 31, 1966 to February, 1967, deprived the defendant of his right to a speedy trial, and the defendant did not in any way waive such right. (Cf. *People* v. *Chambers,* 22 A D 2d 490.) Under the circumstances, the judgment of conviction should be reversed, and indictment No. 47 dismissed with prejudice. In view of our determination, it is unnecessary to reach the other questions raised by the defendant. Judgment reversed, on the law and the facts, and in the exercise of discretion, and indictment No. 47 dismissed with prejudice. Gibson, P. J., Aulisi and Staley, Jr., JJ., concur in memorandum by Staley, Jr., J. Herlihy, J., concurs in the result. Herlihy, J. (concurring). I am for the result, but limit my concurrence to the finding that the failure to prosecute at the October 1966 Term of the County Court was a denial of a speedy trial.