THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND RATHBUN, Appellant

Third Department, May 29, 1975

150

*Frank Pasquerella* for appellant.

*John C. McDonald, District Attorney,* for respondent.

HERLIHY, P. J. This is an appeal from a judgment of the County Court of Essex County, rendered June 21, 1974, convicting defendant, upon his plea of guilty, of the crime of criminally negligent homicide (Penal Law, § 125.10) in full satisfaction of an indictment charging murder and arson.

Prior to his entry of the bargained plea, the defendant moved pursuant to paragraph (g) of subdivision 1 of CPL 210.20 for a dismissal of the indictment upon the ground that he had been denied a speedy trial and the motion was summarily denied by the trial court.

The right to a speedy trial has been statutorily guaranteed in this State pursuant to CPL 30.20. The duty is upon the People to cause the defendant to be speedily brought to trial. (See *People v Prosser,* 309 NY 353, 358.) Accordingly, what amounts to undue delay depends upon the circumstances of each particular case *(People v Prosser, supra,* p 357). Furthermore, the right is waived where the defendant requests delays which are granted or when he does not object to delays requested by the prosecution *(People v Prosser, supra,* p 360).

The proceedings in this case as set forth in the record were as follows:

(1) November 20, 1972—defendant arraigned in Supreme Court upon the indictment and the case was transferred to Essex County Court.

(2) December 6, 1972—The defendant moved for a psychiatric examination and the request was granted.

(3) March 14, 1973—The defendant moved for a dismissal upon the ground that there was insufficient evidence before the Grand Jury. The court ordered the Grand Jury minutes transcribed and reserved decision. The court adjourned the

matter until April 11, 1973, apparently for the purpose of rendering decision.

(4) April 11, 1973—The Grand Jury minutes were not yet completely transcribed and upon defendant's motion the matter was adjourned to April 28, 1973.

(5) May 2, 1973—The court announced its denial of the motion to dismiss for insufficiency of evidence before the Grand Jury and the defendant then requested the case be set for trial. Counsel agreed that it was to be set for trial at the June Term, immediately following another specified case scheduled for trial on June 6.

(6) July 18, 1973—The parties appeared in open court at which time the court stated the matter had been adjourned to this date. The defendant moved for a further adjournment to July 25, 1973 which was granted by the court.

(7) July 25, 1973—The defendant requested that trial be scheduled for the September Term of court and the request was granted. In making his motion, defense counsel noted that he would make motions in the interim and the adjourned date was September 12, 1973.

(8) July 31, 1973—The defendant and the District Attorney moved for release on defendant's own recognizance to receive treatment by voluntary commitment to the Mid-Hudson State Hospital for mental illness. The court granted the motion upon defendant's agreement that after treatment he would return to jail and his case would then proceed.

(9) September 26, 1973—Defendant's counsel reported to the court that defendant was still very ill and was still in the hospital.

(10) December 27, 1973—The District Attorney recited that as of the week before this date he had been advised that defendant had recovered to the point where he could stand trial. The defendant's counsel moved to be relieved of his assignment as he would become County Judge on January 1, 1974. The District Attorney suggested that the case be adjourned until February so that defendant's newly assigned counsel would have sufficient opportunity to confer with defendant and proceed. The defendant stated that he agreed to an adjournment until February 6, 1974. The court relieved the then defense counsel from his assignment, appointed new counsel, and adjourned the matter until February 6, 1974.

(11) February 21, 1974—Since the adjournment on Decem-

ber 27, 1973, the defendant had *retained* new counsel. The District Attorney moved that this counsel (Livingston Hatch, Esq.) be disqualified because of a conflict of interest. Mr. Hatch objected to such disqualification and called the court's attention to the fact that the case had been pending for a long time (about 15 months from arraignment); that certain witnesses had moved out of the county *and that defendant had been denied a speedy trial.* Mr. Hatch stated the defendant was ready for trial and *demanded a speedy trial.* The court directed the parties to appear again on March 1 for its decision as to a speedy trial denial and as to the disqualification of counsel.

(12) March 1, 1974—Mr. Hatch advised the court that he had agreed to withdraw from the case; that Mr. O'Connell was the new counsel; *and* that Mr. O'Connell was "ready to go to trial at any time." The court stated the Administrative Judge was to be contacted and the proceedings were closed *without* any adjourned date being set.

(13) June 7, 1974—The court recited the proposed bargain whereby charges would be reduced, the defendant could plead guilty, and a specified sentence would be imposed with credit for time already served. Defense counsel moved for a dismissal for denial of a speedy trial. Without any record discussion, the court recited that it had reviewed the motion papers and summarily denied the motion. The defendant excepted and then the charges were reduced as the defendant entered his plea of guilty. The court before accepting the plea noted that it would be a waiver of his right to a speedy trial.

There can be no doubt but what the defendant has a right to raise the issue of a denial of a speedy trial as a constitutional violation of his right to due process following a plea of guilty. (See *People v Wallace,* 26 NY2d 371; *People v Sylvester,* 29 AD2d 985, 986; cf. *People v White,* 32 NY2d 393.) What occurred on June 7, 1974 in regard to the court's statement as to a waiver was an attempt to advise defendant of the law and the erroneous statement as to a waiver by the court would not establish a waiver in fact by the defendant. (Cf. *People v White, supra,* p 399.)

While the delay of about one and one-half years from arraignment to trial would not ordinarily be expected to occur in Essex County, such a delay is not upon its face inordinate. The record establishes that on and after November 22, 1972, all delays had been at the insistence of the defense or caused

by circumstances beyond the control of the District Attorney and related to the defense until March 1, 1974. At that time the defendant was insisting upon a speedy trial and the record does not disclose whether or not the People were ready for trial. It is assumed that the trial court was aware of the record justification for delay prior to March 1, 1974. The record does not disclose any specific reason why the case was not reached for trial during the three-month period preceding the plea of guilty albeit there was a replacement of a Judge commencing February 21, 1974 and on March 1 there was a substitution of attorneys, but it was announced that the attorney—not present—was ready to proceed to trial. The trial court on that day stated that the trial could only proceed with directions from the Administrative Judge. This was no doubt due to the relatively few terms of court in Essex County.

The motion for a speedy trial was denied at the hearing on June 7 and thereafter the defendant entered a plea to a substantially reduced crime.

Pursuant to subdivision 5 of CPL 210.45, the trial court may not deny the instant motion without a hearing unless:

"(a) The moving papers do not allege any ground constituting legal basis for the motion pursuant to subdivision one of section 210.20; or

"(b) The motion is based upon the existence or occurrence of facts, and the moving papers do not contain sworn allegations supporting all the essential facts; or

"(c) An allegation of fact essential to support the motion is conclusively refuted by unquestionable documentary proof." The defendant's motion papers allege a legal basis—speedy trial—pursuant to paragraph (g) of subdivision 1 of CPL 210.20; there is an affidavit by an attorney as to facts with reference to the record of proceedings theretofore had in the court and as to prejudice resulting from the delay; the defendant alleges that trial dates had been demanded by him on various occasions; and the allegations of fact are not conclusively refuted by documentary evidence, although the record does establish waivers by the defendant or other excuse for delay prior to March 1, 1974.

It is apparent that the trial court erred in summarily denying the defendant's motion for a speedy trial, and which motion had been orally made before the court as early as February 21, 1974. (Cf. *People v London,* 36 AD2d 980.)

However, the failure to comply with CPL 210.45 is not reversible error unless there is prejudice to the defendant.

In the present case there could only be prejudice if the unexplained three-month delay standing alone could be a denial of the right to a speedy trial. In this regard, the record does not establish that any of the facts alleged in the motion papers as being prejudicial are averred to have occurred after February 21, 1974 and the record establishes that on February 21, 1974 the defendant's counsel was aware that witnesses had become apparently unavailable. In *People v London (supra)* the court observed that following indictment only three months of the delay could be charged to the prosecution and that such a delay was not prejudicial.

Upon the present record, the defendant has failed to establish that he has been denied due process in any substantial manner *(People v London, supra)* and the record is not of such a nature as to establish upon its face any coercion as to the plea of guilty *(People v White,* 32 NY2d 393, *supra).* It should be noted that CPL 30.30 is not applicable to this case by virtue of the instant action involving an offense of section 125.25 of the Penal Law.

The judgment should be affirmed.

SWEENEY, KANE, LARKIN and REYNOLDS, JJ., concur.

Judgment affirmed.