E. Leo Milonas, J.
The defendant herein was arrested on May 3, 1975 and charged with assorted crimes. Following a felony hearing on May 7, 1975, the case was held for the action of the Grand Jury, which subsequently returned the *468 matter to the Criminal Court where he was arraigned on June 26, 1975 pursuant to a prosecutor’s information. On June 10, 1975, in Special Narcotics Part A of the New York Supreme Court in New York County, the District Attorney’s office consented to the defendant’s request to inspect the Grand Jury minutes for the purpose of deciding his motion to dismiss on the ground of insufficiency. Thereafter, commencing with July 14, 1975, this case has been adjourned on at least four occasions awaiting the receipt of the Grand Jury minutes so that the motion to dismiss could be determined. According to the People, three Assistant District Attorneys have ordered the minutes from the Grand Jury stenographer. However, the particular stenographer who took the minutes in question is no longer employed with the stenographer’s office and, consequently, the Chief Grand Jury Stenographer informed the prosecution that he would personally ensure the transcription of the minutes by another stenographer, but that, in view of the backlog and the difficulty involved in one stenographer deciphering the minutes of another stenographer, it would take some time for them to be prepared, but that they would be ready as soon as possible.
The defendant now moves, under CPL 30.30 (subd 1, par [b]; subd 5, par [c]), to dismiss the charges against the defendant on the basis of denial of his right to a speedy trial.
CPL 30.30 (subd 1, par [b]) states that the motion "must be granted where the people are not ready for trial” within "ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony”. Paragraph (c) of subdivision 5 provides that: "where a criminal action is comftienced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor’s information or misdemeanor complaint pursuant to article 180 or a prosecutor’s information is filed pursuant to section 190.70, the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument”.
The prosecutor’s information against the defendant was filed on June 19, 1975. In it he was charged with three counts *469 of criminal possession of a controlled substance in the seventh degree and criminal possession of a hypodermic instrument, all class A misdemeanors (Penal Law, §§ 220.03, 220.45). It is clear that more than 90 days have elapsed since the date on which the instant action is deemed to have commenced. Therefore, unless the time period at issue here is excludable, or not chargeable against the People, the motion to dismiss must be granted.
Beginning from July 14, 1975, the only reason for the delay in proceeding with this case has been the motion pending in Special Narcotics Part A of the Supreme Court. That motion could not be decided until receipt of the Grand Jury minutes. Thus, the only question for consideration here is whether the inability to obtain the Grand Jury minutes within the time period prescribed in CPL 30.30 mandates dismissal of the accusatory instrument.
The District Attorney argues that CPL 30.30 (subd 1) refers to when "the people are not ready for trial” within the specified required time, and that the People have been ready for trial prior to the expiration of the 90-day period. It is the District Attorney’s contention that the prosecution cannot be held responsible for the backlog and congestion in the office of the Grand Jury stenographers nor of the fact that the stenographer who took the minutes has subsequently terminated her employment. He points out that the People have acted in good faith in bringing about a speedy trial, that they have diligently ordered the minutes, and that the stenographer’s office is doing all it can to prepare the transcript as promptly as possible. The District Attorney further asserts that the Grand Jury is not an arm of the prosecutor’s office, but rather an independent agency and that the stenographers who work in the Grand Jury are acting as independent contractors. Consequently, delay caused by congestion in the stenographer’s office is analogous to delay due to court congestion and backlog which was held in People ex rel. Franklin v Warden (31 NY2d 498) not to be chargeable against the People. In the view of the District Attorney, the fact that the defendant is not incarcerated and that there has been no allegation of prejudice should be considered in determining the present motion, citing People v Taranovich (37 NY2d 442).
In People v Taranovich (supra) the court stated that the factors to be examined in deciding whether a defendant has been denied the right to a speedy trial are the extent of the *470 delay, the reason for the delay, the nature of the underlying charge, whether there has been an extended period of pretrial incarceration, and whether there is any indication that the defense has been impaired by reason of the delay. According to the court, while it is not incumbent upon the defendant to demonstrate prejudice, a questionable period of delay may or may not be unreasonable depending upon whether or not the likelihood of the defendant’s acquittal has been effected thereby. The court referred to People v Blakley (34 NY2d 311), wherein it was held that absence of prejudice has not been a criterion to be considered under State rules, although a defendant may always assert that the degree of prejudice he has suffered should outweigh otherwise persuasive reasons advanced for the delay by the prosecution.
However, People v Taranovich was based on the general statutory and constitutional right to a speedy trial as guaranteed by CPL 30.20, section 12 of the Civil Rights Law and the United States Constitution. CPL 30.30 was not applicable in Taranovich, but it is in the instant case. Under CPL 30.30, there is no balancing test to be undertaken, no criteria to be weighed. CPL 30.30 is a mandatory provision pursuant to which a motion to dismiss must be granted where the People are not ready for trial within the specified period of time unless the delay is excludable under one of the subdivisions of the act. Thus it is entirely irrelevant that the defendant herein was not incarcerated or that he fails to assert any prejudice to his defense. The only issue to be decided is whether the defendant is entitled to relief under CPL 30.30.
In People ex rel. Franklin v Warden (supra) the court concluded that CPL 30.30 does not necessitate dismissal where the District Attorney is presently, and was during the statutorily prescribed period, "ready for trial” but that the failure to furnish the defendants a prompt trial was attributable to calendar congestion and lack of adequate court facilities. (See, also, People v Ganci, 27 NY2d 418.) According to the court in Franklin, the statute cannot be interpreted to require not only that the prosecutor be ready but also that court facilities be available. The court declined to decide, however, whether calendar congestion or a shortage of court facilities constitute "exceptional circumstances” under CPL 30.30 (subd 4, par [g]). See People v Henderson (72 Misc 2d 12), which held that it does. The People argue that there is no distinction between *471 the situation in Franklin and the one at issue here. This court disagrees.
The Grand Jury is an arm or adjunct of the Supreme Court. (Matter of Spector v Allen, 281 NY 251; People ex rel. Van Der Beek v McCloskey, 18 AD2d 205.) Nonetheless, the Grand Jury stenographers are employed by and under the control of the District Attorney’s office. The court has no authority whatever over the stenographers. Whenever Grand Jury minutes are ordered, it must be done through the auspices of the District Attorney. Whatever influence there exists over the Grand Jury stenographers, that influence is exerted by the People and not the court. It is insufficient to contend, as the prosecution does here, that the People have acted in good faith and that they cannot be faulted with the departure of the stenographer who took the minutes in question or with the congestion in the stenographer’s office. The District Attorney is similarly not to blame for delays due to inadequate legal or clerical staff, but if he is not prepared for trial under CPL 30.30, the accusatory instrument must be dismissed. CPL 30.30 is not concerned with whether or not the People have acted in good faith, but with whether the defendant has received a speedy trial. The emphasis must always be on guaranteeing the defendant his constitutional and statutory rights. See People v Darrah (29 AD2d 816), where the court, in a case decided under the old Code of Criminal Procedure, held that the defendant was deprived of his right to a speedy trial wherein the delays were due to the failure to move the matter for trial and, further, by reason of the inability of the District Attorney to have the minutes of the Grand Jury proceedings transcribed.
Recently, the Court of Appeals was confronted with the question of a delay caused largely by a shortage of trial lawyers in the prosecutor’s office. (People v Johnson, 38 NY2d 271.) In that case, the defendant was incarcerated for 18 months awaiting trial on an indictment charging him with murder and possession of a weapon as a misdemeanor. While CPL 30.30 was inapplicable, since the defendant was accused of murder and, additionally, had been indicted prior to the law’s effective date, the opinion is of interest in connection with the present situation. In Johnson, almost the entire delay, during which time an apparent eyewitness to the alleged crime disappeared, was primarily attributable to backlog in the District Attorney’s office. The People were simply *472 trying "jail cases” in chronological order, disposing of older indictments first, without giving consideration to any other factors which might be involved. According to the court (p 278), such "an unrefined priority system, taking into account only the date of the indictment and the incarcération of the accused, falls short of demonstrating that the delay in reaching this particular case for trial was due to a shortage, rather than a mismanagement, of personnel. However, for the purposes of this appeal we have assumed what was apparently assumed below — that the prosecutor was following a reasonable priority system and that the delay was caused by a shortage of trial attorneys in the prosecutor’s office.”
The court then proceeded to clarify its previous rulings in People v Ganci (supra) and People ex rel. Franklin v Warden (supra) by stating (p 279) that: "It should be evident, particularly from our disposition in the Franklin case, that the distinction originally recognized in Ganci was not based on the assumption that the State should never be held responsible for delays caused by its failure to provide adequate public facilities or personnel. On the contrary, since the State initiates the action, it is the State’s duty to see that the defendant is promptly brought to trial * * * and whether the delay is an intentional effort to hinder the defense or merely the result of public inattention to the needs of the trial process, the responsibility must ultimately rest on the State. The only consequence of the distinction then is that a delay occasioned by inadequate facilities or personnel weighs less heavily against the State — because it furnishes a more neutral reason — than one wholly subject to the prosecutor’s control * * * But the ultimate solution, as we noted in Franklin, lies with the State and local governments to allocate sufficient public resources to ensure that the ever increasing criminal case load does not overwhelm the courts and prosecutors.”
In dismissing the indictment, the court asserted (p 279) that if the shortage of staff in the District Attorney’s office had been the only reason for the delay, "there would be a close question as to whether this particular delay was consistent with the speedy trial requirement”. However, the court found other factors mandating dismissal: the 18-month incarceration, the fact that the defendant repeatedly sought a speedy trial, and that he was actually prejudiced by the delay. Under CPL 30.30, the determination to be made is clearer and more *473 direct. If "the people are not ready for trial” within the specified time period, the motion to dismiss must be granted unless the delay is excludable.
CPL 30.30 (subd 4, par [g]) provides that in computing the time within which the People must be ready for trial, the following periods must be excluded: "other periods of delay occasioned by exceptional circumstances, including but limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period; or (ii) the continuance is granted to allow the district attorney additional time to prepare the people’s case and additional time is justified by the exceptional circumstances of the case.”
In People v Sturgis (77 Misc 2d 766), the court declared that inadequate staff in the District Attorney’s office does not come within the "exceptional circumstances” of CPL 30.30 (subd 4, par [g]). Similarly, there is nothing exceptional about a delay in transcribing Grand Jury minutes. Backlog and congestion in the stenographer’s office is a chronic problem. It may indeed be difficult for one stenographer to decipher the minutes of another stenographer, but a turnover in personnel is by no means unusual. The lack of funds to pay adequately for the various arms of the criminal justice system is not at all exceptional, and it would undermine the purpose of CPL 30.30 to rule otherwise. See, also, People v Lupo (74 Misc 2d 679) and People v Castro (82 Misc 2d 358) for cases finding no exceptional circumstances and People v Gordon (47 AD2d 775) and People v Tolkow (80 Misc 2d 1051) for cases in which the court held the delay to be justified by the exceptional circumstances provision.
There is no easy solution to the exigencies created by insufficient financial support to the District Attorney’s office. However, the court cannot ignore its responsibility to protect the constitutional and statutory right of defendants to a speedy trial. Consequently, the defendant’s motion to dismiss is granted.