OPINION OF THE COURT
Max H. Galfunt, J.
The defendant, charged herein with violating section 120.00 of the Penal Law (assault in the third degree) and section *255 140.15 of the Penal Law (criminal trespass in the second degree) has moved to dismiss the accusatory instrument claiming that he has been denied a speedy trial within the meaning of CPL 30.20 and 30.30. The court makes the following findings of fact:
FINDINGS OF FACT
The facts in this case are undisputed.
The defendant was arrested on a felony complaint charging him with burglary in the second degree (Penal Law, § 140.25) and assault in the second degree (Penal Law, § 120.05) on September 22, 1978. The incident giving rise to these charges allegedly occurred on September 16, 1978. A felony hearing was conducted in the local criminal court on October 10, 1978. At the conclusion of the hearing, the burglary, second degree, charge was dismissed and the defendant was held for the action of the Grand Jury on the assault, second degree, charge. The matter was presented to the Grand Jury on November 6, 1978. An indictment was not returned. However, the Grand Jury, pursuant to CPL 190.70, directed the District Attorney to file a prosecutor’s information charging the defendant with assault in the third degree and criminal trespass in the second degree. The order approving this direction by the Grand Jury was entered on November 22, 1978. The District Attorney subsequently filed a prosecutor’s information on January 26, 1979. The reason for this hiatus was attributed to a "backlog” in the District Attorney’s office. The case first appeared on the calendar of the local criminal court on February 13, 1979, on which date the defendant was arraigned on the new charges. From the filing of the felony complaint to the filing of the prosecutor’s information (Sept. 22, 1978 — Jan. 26, 1979), a period of 126 days had elapsed. From the date the order approving the direction of the Grand Jury to file a prosecutor’s information was entered until the date the information was actually filed (Nov. 22, 1978 — Jan. 26, 1979), some 65 days passed.
From February 13, 1979 through August 13, 1979, the date defendant filed a "speedy trial” motion, this case appeared on the calendar of the local criminal court on numerous occasions. (199 days have elapsed from the filing of the prosecutor’s information to the defendant’s "speedy trial motion”; 181 days have elapsed from the date this case first appeared on the calendar in the criminal court until the defendant’s *256 speedy trial motion. For the purpose of this decision, the court will consider only that time to August 13, 1979, the date of defendant’s motion.)
The criminal court papers indicate that the time between February 13, 1979 and August 13, 1979 was excluded from computing the CPL 30.30 time limitations since the adjournments were either at the defendant’s request or on consent. However, the court papers indicate that beginning on March 21, 1979, that the reasons for the adjournments were "Pending determination of Supreme Court motion”. The defendant, pursuant to CPL 170.50, filed a motion in Supreme Court, returnable on March 26, 1979, for transcription and inspection of the Grand Jury minutes and for dismissal of the prosecutor’s information. It appears that in response to the defendant’s motion that the Grand Jury minutes were ordered on March 26, 1979 and were to be made available for inspection on April 18, 1979. The Grand Jury minutes were unavailable on April 18, 1979 due to the fact that the stenographer who recorded a portion of the Grand Jury minutes had left the office to work in the Manhattan Criminal Court. As a result of this, the Grand Jury minutes were unavailable for inspection until October 4, 1979, 169 days after they should have been made available. The People concede that this period of delay was charged against them by the Supreme Court Justice sitting in the part where the motion to inspect was pending. From the date that the Grand Jury minutes should have been available in the Supreme Court for inspection (April 18, 1979) until the date of defendant’s speedy trial motion in the local criminal court (August 13, 1979), 117 days have elapsed. (Note: after inspection of the Grand Jury minutes by the Supreme Court, the motion to dismiss the prosecutor’s information was denied.)
The defendant contends that the entire period of time while the motion was pending in the Supreme Court should be charged to the People in computing the CPL 30.30 time limitations even though the time was specifically excluded in the local criminal court. Alternatively, the defendant argues that the passage of time since the inception of this action has been so extensive that it has operated to deprive this defendant of a speedy trial within the meaning of CPL 30.20 even though no actual prejudice to the defendant’s case has been shown.
The People contend that in the local criminal court, the *257 court in which the defendant’s speedy trial motion is pending, all of the adjournments up to the filing of the motion were at the defendant’s request or on consent, and, therefore, properly excludable from the CPL 30.30 time requirements. Alternatively, the People contend that even if all the time that this action has been pending in the local criminal court is attributed to the People, good cause can be shown for the delay in prosecuting this case. They argue that the fact that the Grand Jury stenographer left the office is an "exceptional circumstance” that warrants exclusion of the afore-mentioned time periods for CPL 30.30 purposes.
The court’s decision on the motion to dismiss for lack of a speedy trial has been reserved from the time it was initially made to the present in order to allow both sides to submit supplemental affidavits and memoranda of law on the issue. The court wishes to thank counsel for the professional manner in formulating the questions which must now be decided.
CONCLUSIONS OF LAW
This case presents a number of interesting questions of first impression as to the interrelations of CPL 30.20 and 30.30 as well as the interreaction between the Supreme Court and the local criminal court when a motion by the same defendant, but seeking different relief, is pending in each court. The issues before this court are:
(1) Should the time that was charged against the People in the Supreme Court be charged against them for CPL 30.30 purposes by the local criminal court in spite of the criminal court exclusion of this time?
(2) Has the defendant been denied a speedy trial within the meaning of CPL 30.20 in that he has been denied due process of law?
CPL 30.30 (subd 1, par [b]) states that "a motion made pursuant to paragraph (e) of subdivision one of section 170.30 or paragraph (g) of subdivision one of section 210.20 must be granted where the people are not ready for trial within * * * ninety days from the commencement of a criminal action wherein a defendant is accused on one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony”.
*258 The 90-day "ready rule” is applicable in this case since the defendant is charged with two class A misdemeanors.
Critical to any determination of a CPL 30.30 question is when did the action commence. CPL 100.05 states in part that "[a] criminal action is commenced by the filing of an accusatory instrument with a criminal court”. For the purposes of this section, a felony complaint is an accusatory instrument. In the instant case, the felony complaint was filed in the local criminal court on September 22, 1978. However, CPL 100.05 is modified to a certain extent by CPL 30.30 (subd 5, par [c]) with respect to when an action commences for CPL 30.30 purposes. CPL 30.30 (subd 5, par [c]) states, "where a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor’s information or misdemeanor complaint pursuant to article 180 or a prosecutor’s information is filed pursuant to section 190.70, the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument(Emphasis supplied.) On the surface, this section appears clear. However, there is a further modification contained in the second portion of this paragraph which states, "provided, however, that when the aggregate of such period [i.e., the CPL 30.30 (subd 1) period for the charges in the new accusatory instrument] and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed”. (CPL 30.30, subd 5, par [c]; emphasis supplied.) Therefore, if the period of time between the filing of the felony complaint and the filing of the prosecutor’s information, when added to the period of time applicable to the charges in the prosecutor’s information, exceeds six months, then the People must answer ready for trial within six months from the filing of the felony complaint. (See e.g., People v Overton, 88 Misc 2d 531.)
The aggregate provision of CPL 30.30 (subd 5, par [c]) does not apply under the facts of this case. This court holds that the period of time from September 22, 1978 to November 22, *259 1978 (the filing of the felony complaint through the entry of the order approving the filing of a prosecutor’s information) is specifically excludable within the meaning of CPL 30.30 (subd 4). Since the time period from November 22, 1978 to January 26, 1979, when the information was filed, plus the 90-day "ready rule” for the new charges (a combined total of 155 days), is less than six months, the action is deemed to have commenced for CPL 30.30 purposes on January 26, 1979 with the filing of the prosecutor’s information. The People by delaying in filing the prosecutor’s information, have taken the advantage of a loophole in CPL 30.30, and, in essence been afforded a "ready rule” period of slightly more than five months on a class A misdemeanor. However, CPL 30.30 must be strictly construed. For the purposes of the commencement of the action, the People have complied with the technical requirements and cannot be penalized for the delay in filing the prosecutor’s information under the existing framework of CPL 30.30. Therefore, the only period of time that this court can consider for the CPL 30.30 branch of defendant’s motion is January 26, 1979 to August 13, 1979, the date the "speedy trial” motion was filed. The time from August 13, 1979 to the present will not be considered in computing the CPL 30.30 time periods since the defendant has not submitted a new motion to the court requesting such relief.
The CPL 30.30 branch of defendant’s motion, in essence, is asking this court to apply a portion of the time that was charged against the People in the Supreme Court and thereby remove the "toll” of the CPL 30.30 time that is indicated by the criminal court papers. Should this "toll” be removed, the period to be considered in determining the CPL 30.30 question is April 18, 1979, the date that the Grand Jury minutes should have been available to the Supreme Court for inspection, to August 13, 1979, a total of 117 days.
Has the defendant waived his right to a speedy trial by requesting or consenting to adjournments in the local criminal court? (See, e.g., People v Rathbun, 48 AD2d 149.) A waiver is defined in Webster’s New Collegiate Dictionary (1977 ed) as "the act of intentionally relinquishing or abandoning a known right claim or privilege.” In this case it cannot be said that a waiver of this right occurred within the traditional meaning of the word. While it is true that defense counsel could have and probably should have, taken more positive steps to assert the right in the local criminal court, it is clear from the *260 criminal court papers and the minutes of the criminal court proceedings that the basis for the adjournments were due solely to the pendency of the motion in the Supreme Court. There is a direct causal link between the adjournments in the criminal court and the adjournments in the Supreme Court, where the time was charged against the People. As such, it cannot be categorically stated that the adjournments, as they appear on the criminal court papers, constitute an unequivocal waiver of defendant’s right to a speedy trial.
Can the time that was charged against the People in the Supreme Court due to the unavailability of the Grand Jury minutes be charged against the People in the local criminal court in computing the CPL 30.30 (subd 1, par [b]) time requirements in spite of the specific exclusion where the same event is the primary cause of the adjournments in both courts?
The law is well settled that the office of the District Attorney must be viewed as an entity. A commitment or representation made by one Assistant District Attorney is binding on the office as a whole. (See, e.g., Santobello v New York, 404 US 257.) By logical extension of this principle, if a representation by an Assistant District Attorney binds the office as a whole, there is no reason why an acknowledgment by the People that certain adjournments were charged against them in one court should not bind the office as a whole in all courts in which the same case is pending. To do otherwise under the facts of this case would result in an injustice. The District Attorney’s office would be penalized by the Supreme Court for the unavailability of the Grand Jury minutes and, simultaneously, "rewarded” with additional time under the "ready rule” by the local criminal court for the very same conduct. A defendant should not be penalized for a lack of communication between different bureaus of the District Attorney’s office. In this court’s opinion, the obligation to apprise the local criminal court of the action taken by the Supreme Court against them rested with the People. Consequently, this court must conclude that the period from which the Grand Jury minutes should have been available to the time when the speedy trial motion was filed (April 18, 1979 — August 13, 1979) must be attributed to the People for CPL 30.30 purposes. This period totals 117 days.
The People contend that even if this period is attributable to them the fact that the Grand Jury stenographer left the *261 office constitutes an exceptional circumstance within the meaning of CPL 30.30 (subd 4, par [g]) and is therefore excludable in computing the CPL 30.30 time. This court is not persuaded by this argument. The People have the primary responsibility for the transcription of Grand Jury minutes. The fact that a stenographer has left the employment of the District Attorney in no way diminishes this responsibility to such an extent as to constitute an exceptional circumstance. (See People v Saunders, 84 Misc 2d 467; People v Bonterre, 87 Misc 2d 243.) As such, the entire 117-day period is chargeable to the People. CPL 30.30 speaks in unequivocal and mandatory terms. If the People exceed the proscribed time limitations set forth in "the section, the court has no discretion and must dismiss the accusatory instrument. (See People v Feliciano, 75 Misc 2d 921, dismissal after 114 days.) Since the 90-day "ready rule” period has been exceeded, this court is constrained to grant the defendant’s motion to dismiss the accusatory instrument pursuant to CPL 30.30.
This court is mindful of the difficulties faced by the People in obtaining the transcription of Grand Jury minutes and in no way wishes to infer that the People have acted in bad faith.
While a dismissal of the accusatory instrument on "speedy trial” grounds may appear harsh on the surface to the Assistant District Attorney, it is less drastic than the alternative he would have faced at trial. Had the defendant not made the motion pursuant to CPL 170.50, the case would have proceeded in the normal fashion into a trial posture. If the Grand Jury minutes were unavailable at the time of trial, the People would have been in the position of being unable to provide the defendant with Rosario material (People v Rosario, 9 NY2d 286) after the direct testimony of the witness. In this situation, the remedy would have been either to conduct a restructuring hearing, resubmit the case to a new Grand Jury with the permission of the court, or to exclude the direct testimony of those witnesses who testified before the Grand Jury: (See, e.g., People v Lunney, 84 Misc 2d 1090.) Had the latter occurred, it is unlikely that the People would have been able to prove the defendant’s guilt beyond a reasonable doubt.
Although the court’s determination of the CPL 30.30 branch of defendant’s motion is dispositive of this case, the CPL 30.20 issue presents an interesting question that warrants discussion.
*262 While CPL 30.30 contains specific temporal periods, that, if exceeded mandate dismissal, there is no concommitant time period specified in CPL 30.20 after which an accusatory instrument must be dismissed on "speedy trial” grounds. Cases decided under CPL 30.20 are done so based solely upon the facts unique to the case. There is virtually no legislative guidance contained in this section. Consequently, the judiciary must turn to case law for assistance in determining "speedy trial” questions. The leading cases in this area are Baker v Wingo (407 US 514) and People v Taranovich (37 NY2d 442). The factors contained in Taranovich are:
(1) the extent of the delay from the commencement of the action;
(2) the reason for the delay;
(3) the nature of the underlying charge;
(4) whether or not there had been an extended period of pretrial incarceration; and
(5) whether or not there is any indication that the defense has been impaired by reason of the delay.
In the case at bar, the defendant is basing his claim under the first two Taranovich factors (supra). The essence of the argument is that even though no specific prejudice to the defendant or to the defendant’s case can be demonstrated, the delay in time is, in and of itself, so lengthy as to violate this defendant’s right to a speedy trial. It appears to this court that an accusatory instrument should be dismissed pursuant to CPL 30.20 either when the delay in prosecuting the charges has been so long that the defendant has been deprived of his constitutional right or where the delay has been of a short duration but the defendant can demonstrate actual prejudice to his constitutional rights that are a direct result of the delay. (See, e.g., People v Staley, 41 NY2d 789.) The question then is whether the delay in this case has been so extensive so as to warrant a dismissal of the charges.
Although for the purposes of calculating the "ready rule” provisions of CPL 30.30, the commencement of this action occurred on January 26, 1979, when considering the CPL 30.20 issue, the action is deemed to have commenced on September 22, 1978 with the filing of the felony complaint. (See People v White, 32 NY2d 393.) From the filing of the felony complaint until the filing of the defendant’s speedy *263 trial motion in the local criminal court nearly 11 months have passed. From the filing of the felony complaint until the Grand Jury minutes were presented to the Supreme Court for inspection on October 4, 1979, slightly more than 12 months have elapsed. In People v Taranovich (supra) a delay of 12 months between the alleged occurrence of a crime and an indictment even when the delay resulted from prosecutorial inattention, in and of itself does not entitle a defendant to a dismissal where there is no lengthy pretrial incarceration and no apparent impairment of his defense caused by the delay. A 15- to 16-month delay in the prosecution of a case has been held not to be in and of itself a denial of the right to a "speedy trial” (see, e.g., People v Perez, 42 NY2d 971).
It appears to this court that the vast majority of cases that arise under CPL 30.20 deal with the prosecution of indictments rather than misdemeanor complaints or informations. Should the courts of this State apply a different set of guidelines to the prosecution of misdemeanors than the one that has been established for the prosecution of indictments when determining CPL 30.20 questions? This court must answer the question in the negative.
Although CPL 30.30 provides for separate and distinct time periods for the prosecution of felonies and the various levels of misdemeanors, this distinction is purely legislative. However, CPL 30.20 rests on the broader constitutional base. There is no distinction made in this section with reference to misdemeanors or felonies. Nor is there any mention of a specific temporal duration after which the right to a speedy trial is violated. CPL 30.20 reaffirms a defendant’s constitutional right whereas CPL 30.30 creates a legislative obligation for the People. While distinctions may be made on the People’s legislative obligation, there can be no distinction made on a defendant’s fundamental constitutional right to a speedy trial. The constitutional right to a speedy trial applies equally to all defendants regardless of whether they are charged with a felony or misdemeanor. Therefore, cases which raise a CPL 30.20 issue must be decided on a case-by-case basis by applying the guidelines established by the appellate courts of our State and balancing all the factors presented to the court in that case. In applying those guidelines to the facts in this case, this court must conclude that absent any other showing of prejudice, the passage of time has not operated to deprive this defendant of his constitutional right to a speedy trial. *264 Therefore, the CPL 30.20 branch of defendant’s motion is denied.
Many of the problems that arose in this case could be avoided in the future by legislative action giving the local criminal court the authority to inspect Grand Jury minutes where the Grand Jury has not indicted, but rather directed that a prosecutor’s information be filed. Without such legislative action, the potential exists that the case will become bifurcated as happened in this case. That is, a portion of the case will be pending in the Supreme Court for the determination of the motion to inspect, while the rest of the case will be pending in the local criminal court, presumably working itself into a trial posture.
While it appears that there is no express statutory prohibition, the normal practice of the local criminal court is to hold any action on the case before it in abeyance pending a determination of the motion to dismiss in the Supreme Court. The reason for this is purely practical since the determination of the motion in the Supreme Court could very well be dispositive of the case. In the usual case, the transcription and inspection of the Grand Jury minutes occurs within a matter of two to three weeks and the criminal court can once again exercise full control over the case. In a case such as the one before this court, the matter has been in a state of limbo for a period of some nine months pending the availability of the Grand Jury minutes for inspection by the sitting Supreme Court Justice. It is the opinion of this court that this problem can be alleviated by legislative action that would allow a local criminal court Judge to inspect Grand Jury minutes in those instances where the Grand Jury has directed that a prosecutor’s information be filed. This would enable the local criminal court Judge to maintain control of the case that will ultimately be tried in the local criminal court. Additionally, such inspection of the Grand Jury minutes by the local criminal court could facilitate dispositions since, from the first instance, the local criminal court Judge, as well as the Assistant District Attorney assigned to the part, will have an opportunity to evaluate the strengths and weaknesses of the case.
For the reasons stated above, the defendant’s motion to dismiss the accusatory instrument is granted pursuant to CPL 30.30 and denied as to CPL 30.20.