■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. McTYERE, Appellant. — Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: Defendant, together with others was indicted and charged with two counts of robbery in the second degree (Penal Law, §§ 20.00, 160.10, subd 2, pars [a], [b]) and one count of grand larceny in the third degree (Penal Law, §§ 20.00, 155.30, subd 1). The charges arise out of a holdup of a drug store in the City of Niagara Falls during which an employee of the store was struck on the head with a "gun" that later was identified to be a cigarette lighter. Approximately $100 was taken from the store's cash register. Following a jury trial, defendant was convicted of robbery in the second degree (Penal Law, §§ 20.00, 160.10, subd 2) and petit larceny (Penal Law, § 155.25). On the facts of this case, defendant's conviction of the crime of petit larceny constitutes a lesser included offense to robbery in the second degree (see *People v Acevedo*, 40 NY2d 701, 706-707; *People v Whipset*, 80 AD2d 986; *People v White*, 57 AD2d 1076). Although this issue was not raised on appeal, where the verdict is comprised of inclusory concurrent counts a verdict of guilty on the greatest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [b]; *People v Grier*, 37 NY2d 847, 848). Accordingly, the judgment convicting defendant of petit larceny must be reversed and the sentence vacated. (Appeal from judgment of Niagara County Court, Hannigan, J. — robbery, second degree, petit larceny.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY PARDNER, Appellant. — Judgment unanimously reversed, motion granted and indictment dismissed. Memorandum: The motion to dismiss the indictment pursuant to CPL 30.30 should have been granted. The District Attorney failed to submit an affidavit answering the showing made by defendant that the Grand Jury minutes were not made available to the Trial Judge for more than nine months after the Judge granted defendant's motion to inspect the Grand Jury minutes. In the absence of any excuse justifying the delay, the indictment must be dismissed (*People v Darrah*, 29 AD2d 816; *People v Ferrara*, 102 Misc 2d 253; *People v Saunders*, 84 Misc 2d 467). (Appeal from judgment of Monroe County Court, Mark J. — assault, first degree.) Present — Simons, P. J., Callahan, Doerr, Boomer and Moule, JJ.