OPINION OF THE COURT
Norman C. Ryp, J.
FULCRUM ISSUE — ABSENT INDICTMENT
EQUAL TO ABSENT DEFENDANT?
Whether excludable time, under CPL 30.30 (subd 4), upon an original indictment necessarily carries over in favor of the People upon filing a superseding indictment?
No, unless the excludable ground(s) delay(s), impede(s), or prevent(s) the filing of the superseding indictment, in first application of People v Colon (59 NY2d 921, 923).
Defendant, Andre Cruz (Cruz), has moved pursuant to CPL 210.20 (subd 1, par [g]) to dismiss the indictment (No. *317 505/83) on the ground that the defendant has been denied the right to a speedy trial under CPL 30.30 (subd 1, par [a]).
A. PROCEDURAL HISTORY
On July 26, 1982, a felony complaint was filed against the defendant charging assault in the second degree (Penal Law, § 120.05). Defendant was arraigned on that charge on July 27, 1982. Thereafter, the District Attorney presented the case to the Grand Jury which originally voted to charge defendant with assault in the second degree (Penal Law, § 120.05) and burglary in the second degree (Penal Law, § 140.25). Subsequently but prior to filing, the Grand Jury recalled the District Attorney to vote an additional charge. On August 2, 1982, indictment No. 4705/82 was filed against the defendant, additionally charging the defendant with attempted murder in the second degree (Penal Law, § 125.25), together with the original charges of assault in the second degree (Penal Law, § 120.05) and burglary in the second degree (Penal Law, § 140.25).
Defendant was arraigned on said indictment in Supreme Court, New York County, Part 70, on August 12, 1982 before Justice Brenda Soloff, who apparently noted the possibility of a superseding indictment. The case was then adjourned until September 20, 1982 at the defendant’s request for the filing of motions. A notice of motion for an order, inter alia, to inspect the Grand Jury minutes was filed by the defendant on September 13, 1982.
On September 20,1982, defendant appeared in Supreme Court, New York County, Part 70, before Justice Michael J. Dontzin. The case was adjourned for filing of the People’s response and decision until October 15, 1982.
On October 15, 1982, defendant again appeared in Part 70, Supreme Court, New York County, when decision was rendered by Justice Michael J. Dontzin, who inquired about the “superseder” and requested production of the Grand Jury minutes. The case was adjourned until November 16,1982 at the request of the People for production and inspection of the Grand Jury minutes by the court.
On November 16, 1982, the defendant appeared in Supreme Court, New York County, Part 70, before Justice *318 Michael J. Dontzin, but the Grand Jury minutes were still unavailable. Justice Dontzin then adjourned the case until December 8,1982, ruling that the subject adjournment was chargeable to the People until they served a copy of the Grand Jury minutes on the court.
On December 8, 1982, the defendant again appeared in Supreme Court, New York County, Part 70, before Justice Michael J. Dontzin, when a copy of the Grand Jury minutes was served on the court and the case was adjourned until January 4, 1983, at the request of the People.
On January 4,1983, the defendant appeared in Supreme Court, New York County, Part 70, before Justice Milton L. Williams, who adjourned the case until January 25, 1983, which was ruled excludable time on the defendant’s consent.
On January 25, 1983, defendant appeared in Supreme Court, New York County. The People answered ready for trial but noted that a superseding indictment (No. 505/83) had been voted but not filed and that the Assistant District Attorney handling the case was actually engaged in trial in Part 74 before this court. Justice Milton L. Williams sent the case to Supreme Court, New York County, Trial Term, Part 74, before this court, where on the same day, January 25, 1983, in Part 74, the People stated before the court that they would proceed on the superseding indictment (No. 505/83); that it would be filed later that day; that the People were ready for trial on indictment No. 505/83 and could proceed with trial when the People concluded another trial then in progress before this court. Defendant stated that he intended to file a CPL 30.30 motion to dismiss the indictment. The case was adjourned by this court until January 31, 1983 to await the conclusion of the trial then in progress for arraignment of the defendant on the superseding indictment and service of the Grand Jury minutes on this court for inspection, which were so served upon the court on February 10, 1983.
On January 31, 1983, defendant was arraigned on the superseding indictment (No. 505/83), which had been filed on January 25, 1983. As noted above, the superseding indictment No. 505/83 charged defendant with the same three charges as in the previous indictment (No. 4705/82) *319 plus two new charges of assault in the first degree (Penal Law, § 120.10) and reckless endangerment in the second degree (Penal Law, § 120.20). The defendant asked for inspection of the Grand Jury minutes and dismissal of the indictment. The Grand Jury minutes were not yet available. The case was adjourned until February 23, 1983 for filing of defendant’s CPL 210.20 (subd 1, par [g]) motion, production and inspection of the People’s response and the Grand Jury minutes. Defendant’s CPL 210.20 (subd 1, par [g]) motion was filed February 9, 1983. On February 10, 1983, the Grand Jury minutes of the superseding indictment (No. 505/83) were filed with this court.
b. parties’ contentions
In support, defendant contends that: more than six months have passed since the commencement of the criminal action against him; the People, who apparently indicated such on August 12, 1982, chose to supersede the original indictment (No. 4705/82) on January 25, 1983 indicating the People were never ready for trial on either indictment until February 10, 1983 when the Grand Jury minutes on the superseding indictment were filed with this court; even if the expired period is not statutorily chargeable to the People on the first indictment (No. 4705/82), defendant’s filing of motions or requests for adjournments in no way were the cause that impeded or delayed the filing of the superseding indictment; defendant’s January 31, 1983 request for the Grand Jury minutes on the superseding indictment (No. 505/83) was not filed until February 10,1983; and thus the entire time (July 26,1982 to Feb. 10, 1983 or 6V2 months) is chargeable to the People on the superseding indictment (No. 505/83), citing People v Sturgis (38 NY2d 625) and People v Reid (110 Misc 2d 1083) and the authorities cited therein.
In opposition, the People contend that the period from August 12, 1982 through October 15, 1982 (64 days) and from January 4, 1983 through January 25, 1983 is excludable; therefore, there are only 98 days of includable time from July 26, 1982 until January 25, 1983; and that defendant’s contention that the periods of time excludable under CPL 30.30 (subd 4) are inapplicable to the superseding indictment (No. 505/83) is erroneous as a matter of law, *320 citing People v White (115 Misc 2d 800) which disagreed with and distinguished People v Reid (supra) and its authority basis People v Colon (110 Misc 2d 917), which was later reversed by the Appellate Term, First Department (112 Misc 2d 790).
C. FINDINGS OF FACT
CPL 30.30 (subd 1, par [a]) provides that unless the People are ready for trial within six months from the commencement of a criminal action charging a felony, the indictment must be dismissed. In computing this six-month period, certain periods must be statutorily excluded (see CPL 30.30, subd 4). Once the defendant has shown a delay of greater than six months, the burden falls on the People to prove that certain periods are excludable under the statute (People v Berkowitz, 50 NY2d 333, 349).
In the present case, the criminal action must be deemed to have been commenced, for CPL 30.30 purposes, on the date when the original felony complaint was filed (July 26, 1982). (People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351.) Thus, the People incurred the burden of answering ready on or before January 26, 1983.
On January 25, 1983, the People answered “ready” for trial in Part 70 before Justice Milton L. Williams, who referred the case to this court for trial on the then only original indictment No. 4705/82. Had the People chosen at this point to proceed before this court on the original indictment (No. 4705/82), the People would have answered “ready” within the statutorily prescribed six-month period, although 183 days had passed (People v Smith, 97 AD2d 485). Moreover, if the People had proceeded upon the original indictment No. 4705/82, the period from August 12,1982 through October 15,1982 (64 days) for defendant’s motions, People’s response, and court’s decision would have been excludable time under CPL 30.30 (subd 4, par [a]). The adjournment on defendant’s consent from January 4, 1983 through January 25, 1983 would have been also excludable under CPL 30.30 (subd 4, par [b]). Thus, only 98 days were chargeable to the People from July 26, 1982 to January 25, 1983.
The People, however, chose not to proceed on the original indictment (No. 4705/82). Instead, the Assistant District *321 Attorney informed the court, on January 25,1983, that he intended to proceed against the defendant on a superseding indictment, voted January 20, 1983, but not yet filed until January 25,1983, and that he was ready to proceed but for the fact that he was on trial. Thus, on January 25, 1984, the original indictment (No. 4705/82) was superseded by the new indictment No. 505/83 and dismissed by this court, pursuant to CPL 200.80.
D. ISSUES AND CONCLUSIONS OF LAW
1. The first issue presented to this court is whether the People’s answer of “ready” to an indictment which has not yet been filed is sufficient to discharge their obligation under CPL 30.30 (subd 1, par [a]). This court holds that it is not. It is well settled that the People cannot be ready for trial if they have not converted the complaint into a jurisdictionally sufficient instrument by which the court has a basis for jurisdiction (People v Colon, 59 NY2d 921, revg 112 Misc 2d 790 [App Term, 1st Dept]; People v Sturgis, 38 NY2d 625, supra; People v Williams, 56 NY2d 824). A jurisdictional basis cannot exist until the new indictment has been filed with the court. (See CPL 200.10, 200.50.) The People must not only answer “ready” but establish their readiness, with court congestion not chargeable to the People (People v Giordano, 56 NY2d 524).
2. The second issue is whether the 16-day delay caused by the People’s failure or inability to transcribe the Grand Jury minutes for the superseding indictment (No. 505/83), following defendant’s request on January 25, 1983, for court inspection thereof, and not furnished until February 10, 1983 is chargeable to the People.
The court holds that it is, since Grand Jury stenographers are employed by and under the control of the District Attorney’s office (see People v Saunders, 84 Misc 2d 467, 471) and such delay, in the absence of a justifying excuse, sustains the granting of a CPL 30.30 motion. (See People v Pardner, 90 AD2d 987; People v Darrah, 29 AD2d 816; People v Ferrara, 102 Misc 2d 253, 261.)
Thus, the People’s answer of “ready” on the morning of January 25,1983 on an indictment not yet filed, nor Grand Jury minutes transcribed and furnished to the court does *322 not sufficiently establish their readiness to satisfy the mandatory time constraints prescribed by CPL 30.30.
3. The final issue remaining is whether the excludable time which runs in favor of the People on the original accusatory instrument continues to run in favor of the People on the filing of the superseding instrument. This court holds that it does not, under the facts and circumstances herein.
Although current case law is in conflict, this court finds the reasoning of and authorities cited in People v Reid (110 Misc 2d 1083, supra) most persuasive. (Cf. People v White, 115 Misc 2d 800, 803-804, supra [periods excludable under original information, excludable under the superseding information]; People v Robinson, NYLJ, Nov. 25, 1983, p 13, col 4 [excludable periods applicable to the original indictment, only applicable to those counts in the superseding instrument as were contained in the original indictment].)
CPL 30.30 (subd 4, pars [a], [b]) provides that certain periods of delay in the People’s readiness for trial “resulting from” certain described events are to be excluded. The use of the phrase “resulting from” introduces a causal factor in the court’s determination of what periods must be excluded. Such a causal factor was last recognized in People v Colon (59 NY2d 921, revg 112 Misc 2d 790 [App Term, 1st Dept], reinstating order for reasons in opn at 110 Misc 2d 917 [Atlas, J.], supra; see, also, People v Sturgis, 38 NY2d 625, supra; People v Williams, supra). There, the Court of Appeals upheld and reinstated the Criminal Court’s dismissal (110 Misc 2d 917) of defendant’s misdemeanor complaints where the People failed to convert each of the complaints into a jurisdictionally sufficient instrument within the periods prescribed by CPL 30.30 (subd 1, pars [b], [c]). The Criminal Court in People v Colon (supra [the basis for People v Reid, supra]) dismissed the People’s contention that the period of time charged to the People should be excluded under CPL 30.30 (subd 4, par [c]) on the ground that the defendant’s absence did not in any way prevent or impede the People from converting the complaints into informations. Although that case dealt with a *323 different subdivision, the pertinent statutory language is the same — delay “resulting from”.
Here, the excludable periods, from August 12,1982 until October 15,1982 (CPL 30.30, subd 4, par [a]) and January 4,1983 until January 25,1983 (CPL 30.30, subd 4, par [b]) in no way prevented or impeded the filing of the superseding indictment. Indeed, there is evidence that the People were contemplating the superseding of the original indictment as early as August 12, 1982. Thus, it cannot be said that the People’s unexplained delay in answering ready on the superseding indictment was a delay “resulting from” any of the instances described in CPL 30.30 (subd 4). (See People v Stephens, 113 Misc 2d 1006; People v Reid, supra; see, also, People v Colon, supra; People v Sturgis, supra.)
Accordingly, since the defendant has validly shown the existence of delay greater than six months, and the People have not met their burden of proving sufficient excludable periods, defendant’s motion, pursuant to CPL 210.20 (subd 1, par [g]), to dismiss the superseding indictment No. 505/83 is granted.
Finally, as noted above, on the morning of January 25, 1983, when the People answered “ready”, they were still not, in fact, “ready” for trial, since not only was the superseding indictment No. 505/83 not yet filed (done later that day), but the Grand Jury minutes were not available to the court, although then requested by defendant, until finally furnished to the court, without a justifiable excuse for the delay, on or about February 10, 1983, adding 16 days chargeable to the People. (See People v Darrah, supra; People v Pardner, supra; People v Saunders, 84 Misc 2d 467, supra; People v Ferrara, supra.)