William P. Christiana, J.
Defendant appeals from a judgment rendered after trial in a Court of Special Sessions of the Town of Claverack on June 27,1968, convicting him of a violation of subdivision (b) of section 1180 of the Vehicle and Traffic Law. He was accused of driving 60 miles per hour in a marked 50 mile per hour zone. Following his conviction, defendant was fined a modest isum which he paid.
Upon arrest, defendant was served with a uniform traffic ticket returnable May 16 at 7:30 p.m. He appeared at that time, was arraigned and fully informed of his rights. Both the District Attorney’s office and defense counsel agree that the short-form complaint attached to the uniform traffic ticket and verified May 4 before a State Police Sergeant, constituted a proper information. Indeed, the legality of such short-form informations (Vehicle and Traffic Law, § 207; Code Crim. Pro., § 147-a) has been upheld by the Court of Appeals. (People v. Weeks, 13 N Y 2d 944.) Defendant entered a plea of not guilty to this information and his case was adjourned until June 29 for trial.
On the trial date, defendant appeared with counsel. At that *123 time, instead of proceeding under the short-form complaint, the prosecution elected to go to trial under a so-called long-form information verified before the Justice on May 27 and apparently filed on that date. The substituted information charged the same violation as the uniform traffic ticket complaint although it stated somewhat more precisely the details of the alleged offense.
At the opening of the trial, defendant’s counsel objected to proceeding on the long-form information on .the ground that the defendant had never been arraigned on such information and had entered no plea to it. Nevertheless, the trial proceeded over defendant’s objection and exception. No motion was made to dismiss the first information which is apparently still outstanding.
The question presented on this appeal is whether defendant could be legally tried under the substituted long-form information, upon which he had never been arraigned, although he had been arraigned and fully informed of his rights under the uniform traffic ticket complaint which charged him with the same violation as the information under which he was tried.
The People contend that the defendant was in no way prejudiced by the procedure adopted. I cannot agree. The return of the court below clearly indicates that no plea of any kind was made by the defendant to the information under which he was tried. Such record also discloses that none of the provisions mandated by section 699 of the Code of Criminal Procedure were followed in connection with the second information nor was the defendant informed of the provisions of section 335-a of the Code of Criminal Procedure thereunder. The return on appeal refers only to preliminary proceedings taken on the uniform traffic ticket complaint. The record is barren as to any proceedings whatsoever under the substituted long-form information except for trial and judgment.
It seems basic that no person should be arraigned on one information and tried on another even though the accusation contained in both complaints be the same. It may well be that the long-form information, as the People suggest, supplanted the original complaint only in the interest of clarity, without changing the specific charge against defendant. Academically, this argument is not without merit but it overlooks legal fundamentals by which courts are bound. It has been held that any change in an information upon which a defendant has been arraigned is improper (People v. Trety, 45 Misc 2d 1039), and may only be accomplished, if at all, by a permissible amendment as provided by sections 62 and 293 of the Code of Criminal Procedure. Here, the information was not amended. It was *124 completely replaced and another information substituted upon which no initial proceedings pursuant to section 699 of the Code of Criminal Procedure were had. It has been further held, and properly so, that section 699 of the Code of Criminal Procedure is mandatory upon the Courts of Special Sessions (People v. Clancy, 203 Misc. 82) and its provisions may not be waived. (People ex rel. Hall v. Munson, 83 Misc. 308.)
This court has frequently expressed itself in favor of a more liberal trend in the application of our criminal procedures. Substance should prevail over form. Nevertheless, there must be a dividing line between what are minor aberrations in criminal practices as contrasted with the neglect to adhere to fundamental rights. As was observed in People v. Felberbaum (22 Misc 2d 695, 698): ‘ ‘ The moment we begin to sacrifice fundamental rights in the interest of time-saving or expediency, we begin to whittle away at the safeguards to which, under our democratic processes, every person is entitled. ‘ We should be extremely reluctant to burn the barn of legal safeguards however laudable the ultimate objective ’. (People v. Shapolsky, 8 AD 2d 122,129).”
In my opinion, the failure to follow prescribed statutory procedure in reference to the long-form information rendered the trial and judgment a nullity.
Nor may the long-form information upon which defendant was tried be treated as a bill of particulars. Defendant never made a demand for a bill prior to trial and it can scarcely be contended that the second complaint, verified before the Justice of the Peace and which was not supplied pursuant to a demand made upon the District Attorney’s office, was anything else than an information.
The judgment of conviction is reversed, the information dismissed and the fine remitted.