OPINION OF THE COURT
Stephen G. Crane, J.
After this case reached my Jury Part for trial, the People filed a prosecutor’s information on July 30,1981. It charges assault, third degree, under subdivisions 1 and 2 of section 120.00 of the Penal Law, intentional and reckless assault, respectively (or, perhaps, alternatively). The defendant was arraigned upon this instrument on that date whereupon the prior accusatory instrument, upon which the case had thus far been prosecuted, was superseded.
The filing of the prosecutor’s information evoked this motion to dismiss the case pursuant to CPL 170.30 (subd 1, par [e]). This motion raises yet another issue[1] under CPL 30.30, a statutory rule requiring the People to be ready for trial, supplementing the speedy trial rights imposed by constitutional strictures (CPL 30.20; People v Osgood, 52 *1084 NY2d 37, 41). The People have not responded to this motion. Consequently, the sworn allegations of fact necessary to support the motion are deemed conceded. (People v Gruden, 42 NY2d 214.) Besides, these facts are basically documented in the court papers on file in this prosecution. No hearing is warranted to resolve any issues of fact.
This action was commenced on January 12, 1981, with the filing of a felony complaint. (CPL 1.20, subd [17].) Defendant was arraigned on that date. He stood accused of assault, second degree (Penal Law, § 120.05), in that allegedly he intentionally caused serious physical injury to complainant by throwing her into a glass coffee table. A supporting deposition dated February 25, 1981 was furnished by the complainant. The felony charge was reduced on March 19, 1981, to the class A misdemeanor of assault, third degree (Penal Law, § 120.00). No additional pleadings were filed and the felony complaint and supporting deposition were apparently converted to an information. (Cf. CPL 180.50, subd 3, par [a], cl [iii].) This event did riot commence a new prosecution since there can only be “one criminal action for any given set of charges”. (People v Lomax, 50 NY2d 351, 356; see, also, People v Osgood, supra, p 43.) This event did, however, engraft a new time limit upon the People’s readiness for trial. Whereas the People were required to be ready within six months of filing the felony complaint when defendant was being prosecuted for assault, second degree (CPL 30.30, subd 1, par [a]), now they were required to be ready for trial within 90 days of the reduction of the charge to assault, third degree, whichever period was shorter. (CPL 30.30, subd 5, par [c]).[2] In terms of the dates in this case, the People were required to announce their readiness by June 19,1981, 90 *1085 days after the reduction of the felony to a class A misdemeanor even though they would have been afforded until July 12, 1981 if they had been prosecuting defendant for the original felony. These dates, of course, would have been subject to extension for any periods excludable pursuant to CPL 30.30 (subd 4).
But, the People were timely. They announced ready for trial on June 25, 1981, more than six days having been consumed by defense motions which presumably delayed the People’s readiness for trial on the misdemeanor information.
On July 28,1981 the case was assigned to Jury Part 4 for trial. Upon appearing there before me, the prosecutor asked for leave to file a prosecutor’s information to add a count of reckless assault, third degree, to the charge of intentional assault already pending. Defendant threatened to move against such a pleading on speedy trial grounds and I gave the prosecutor a two-day adjournment to study the matter and to decide whether to risk such an attack. On July 30, 1981, he did file the prosecutor’s information, and I arraigned defendant thereon. It alleges that defendant intentionally caused physical injury to complainant in that he threw her into a glass coffee table and that, under the same circumstances, he recklessly caused her physical injury.
The prosecutor’s information[3] filed pursuant to CPL 100.50 (subd 2), like the previous misdemeanor information, did not commence a new action. (People v Lomax, supra; People v Osgood, supra; CPL 100.10, subd 3.) For purposes of calculating the time within which the People were required to be ready for trial, then, the periods still commenced on January 12, 1981 and March 19, 1981. On July 30, 1981, both the six-month period from January 12 and the 90-day period from March 19 had been exceeded. The action can be saved only if (a) the People’s earlier readiness, announced before they filed the prosecutor’s information, can apply to this latest accusatory instrument *1086 or, if not, (b) their failure to be ready for trial thereon was caused by some excludable event recognized by CPL 30.30 (subd 4). Neither circumstance rescues this case, and the motion must be granted.
DOES READINESS TO TRY DEFENDANT ON THE MISDEMEANOR INFORMATION EXTEND TO THE PROSECUTOR’S INFORMATION?
Before the prosecutor’s information was filed, the People were ready for trial upon a jurisdictionally complete misdemeanor information. (Contrast People v Colon, 110 Misc 2d 917; People v Phillips, NYLJ, May 6, 1981, p 11, col 4.) When they later filed the superseding prosecutor’s information[4] and defendant was arraigned thereon, the prior misdemeanor information, containing a single charge identical to one of the charges in the prosecutor’s information, was superseded. (CPL 100.50, subd 1.) Whether or not the allegations of the factual part of the original information support the offense of reckless assault, as well as intentional assault as charged in the prosecutor’s information, I hold that the earlier pleading is deemed dismissed upon defendant’s arraignment on the prosecutor’s information. (CPL 100.50, subd 2.) Therefore, the People’s earlier readiness cannot apply to the prosecutor’s information which did not come into existence until a date subsequent to the announcement of their readiness.[5] Consequently, if *1087 the People wish to file a superseding prosecutor’s information in any given case on which they expect to try a defendant, they should do so not only before commencement of trial or entry of a plea of guilty (CPL 100.50, subd 2), but also within the periods prescribed by CPL 30.30 (subd 1).
DOES ANY EXCLUDABLE EVENT EXCUSE THE FAILURE OF THE PEOPLE TO BE READY?
CPL 30.30 (subd 4) contains a list of periods to be excluded in calculating the time within which the People must be ready for trial. In reading this list the eye is drawn to the phrase “delay resulting from,” a phrase restricting the excludable events in five of the seven categories. (CPL 30.30, subd 4, pars [a], [b], [c], [e], [g].)[6] Thus, the People may excuse their readiness obligation only when one or more of the enumerated factors actually interfere with their preparation for trial or cause the delay. This requirement of causation was recognized in People v Sturgis (38 NY2d 625, 628 [concerning the absense of a defendant, CPL 30.30, subd 4, par (c)]). In sum, the exclusion is available to the People “when a delay has been caused by the defendant, or is due to circumstances beyond the prosecutor’s control.” (People v Osgood, 52 NY2d 37, 41, supra; see, also, People v Phillips, supra; and People v Colon, supra.) Nothing appears in this case to have prevented the People from filing the prosecutor’s information within the time prescribed by CPL 30.30 (subd 5, par [c]). (Cf. People v Colon, supra.)
Lest the result reached in this decision be viewed as overly technical, the observation is here appropriate that the prosecutor’s readiness obligation is not an idle compendium of words. Had the prosecution truly been ready for trial when it announced ready, had the investigation, analysis and legal research been completed beforehand, the prosecutor’s information would have been filed much earlier, without any extra effort. Then, any additional discovery owing to defendant could have been completed *1088 and the consequent delay minimized. The interests of swift and sure justice require no less.
The motion is granted and the prosecutor’s information is dismissed.

. See the developing case law applying CPL 30.30 in various contexts in misdemeanor prosecutions: People v Phillips (NYLJ, May 6, 1981, p 11, col 4 [Berkman, J.]), and cases cited; People v Colon (110 Misc 2d 917 [Atlas, J.]) and cases cited; People v Eubanks (NYLJ, Oct. 14, 1981, p 11, col 5 [Atlas, J.]).

. CPL 30.30 (subd 5, par [c]) provides in pertinent part: “[W]here a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor’s information or misdemeanor complaint *** the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument; provided, however, that when the aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed”.

. The defendant does not challenge the prosecutor’s information as unsupported by the factual allegations of the misdemeanor information (CPL 100.50, subd 2) which expressly alleged only defendant’s intentional conduct. Consequently, this court does not pass upon the adequacy of the prosecutor’s information as it relates to the prior factual allegations.

. CPL 100.50 (subd 2) allows the prosecutor to file a prosecutor’s information up to the time of the entry of a plea of guilty or the commencement of a trial of an information. This license to the prosecutor, however, cannot obliterate the carefully constructed edifice of CPL 30.30. To hold otherwise would open a sluice in the speedy trial provisions of CPL 30.30 through which the People could always, with great ease, escape defendant’s speedy trial motions. It should be noted that defendant must make such motions, likewise, “prior to the commencement of trial or entry of a plea of guilty.” (CPL 170.30, subd 2.)

. The defendant is diffident on this point with respect to the repeated count of intentional assault. He contends that the People could not have been ready for trial on the count of reckless assault until July 30, 1981 when that charge first came into existence. But, he implies that a different result is presented by the repetition in the prosecutor’s information of the count of intentional assault. Yet, the original misdemeanor information was deemed dismissed upon arraignment of defendant on the prosecutor’s information charging “any offenses supported * * * by the allegations of the factual part of the original information” (CPL 100.50, subd 2; emphasis added). Without doubt the factual allegations of the original information support the verbatim repetition of the charge of intentional assault in the prosecutor’s information. Thus, the logic of defendant’s argument addressed to the count of reckless assault applies to the count of intentional assault as well: the People could not have been ready to try defendant on the prosecutor’s information until that pleading came into existence.

. The two categories omitting this phrase — delay when defendant is joined for trial with a codefendant as to whom the time has not run (CPL 30.30, subd 4, par [d]) and the period during which defendant is without counsel (CPL 30.30, subd 4, par [f]), as to which there may be a causation factor imported from paragraph (c) or (e) (see People v Eubanks, NYLJ, Oct. 14, 1981, p 11, col 5) — have no application to the case at hand.