OPINION OF THE COURT
Bernard J. Fried, J.
Defendant, who was convicted of resisting arrest (Penal Law, § 205.30) following a jury trial, moves for an order setting aside the verdict and for dismissal of the information. It is contended that the defendant was deprived of his right to a speedy trial in that a superseding prosecutor’s information was filed after the statutory period had expired and that the People’s earlier readiness could not have applied to the new instrument, even though it did not charge any new offenses. Additionally, it is contended that the failure to arraign defendant on the superseding information, absent express waiver, constituted a fatal defect. I disagree and, for the following reasons, defendant’s motion is denied.
In the original accusatory instrument, a misdemeanor complaint which was timely converted to a misdemeanor information, defendant was charged with the offenses of *801 attempted criminal possession of a weapon in the fourth degree (Penal Law, §§ 110.00, 265.01), attempted grand larceny (Penal Law, §§ 110.00, 155.30), resisting arrest (Penal Law, § 205.30), and criminal possession of a controlled substance in the seventh degree (Penal Law, § 220.03). (The factual allegations of this instrument are stated in the margin.)[1] Within the applicable time limitations (CPL 30.30, subd 1, par [b]), the People were ready to proceed. The chronology and speedy trial computation is as follows: Defendant was arraigned on September 25, 1981 at which time the case was adjourned to October 15 (20 days’ includible time); on October 15 at defense request, the case was adjourned to November 4 (excludable time; CPL 30.30, subd 4, par [b]); on November 4 there was a further adjournment to November 18, for the People to furnish defense counsel with a voluntary disclosure form (14 days includible); on November 18 the case was adjourned to December 3 at defense request (excludible time; CPL 30.30, subd 4, par [b]); on December 3 motions were waived and the case adjourned to December 22 (19 days includible); on December 22 there was a consensual adjournment (excludable time; CPL 30.30, subd 4, par [b]). Thereafter, on January 7, 1982, the parties were ready for trial and the case was referred to my Trial Part where the superseding prosecutor’s information was filed. As computed, to that date the elapsed period of includible time amounted to 53 days, although over 90 actual days had elapsed since the commencement of this criminal action.
The superseding prosecutor’s information, filed pursuant to CPL 100.50 (subd 2), retained the original charges of resisting arrest and criminal possession of a controlled substance in the seventh degree, and deleted the other charges. The factual allegations, however, remained sub *802 stantially unchanged.[2] Following colloquy concerning the superseding information, a Sandoval hearing was held and a jury selected and sworn. At no time was defendant arraigned on the new information. On the following day, January 8, 1982, alleging a violation of his speedy trial rights, defendant moved to dismiss the superseding information. Decision on the motion was reserved and a briefing schedule was established, to include the issue whether his motion was waived as untimely made.[3] The controlled substance count was dismissed for reasons not here relevant, and the case proceeded to trial on one charge of resisting arrest. As stated, a verdict of guilty was returned and the instant motion followed.
Turning first to the speedy trial prong of this motion, defendant relies on People v Reid (110 Misc 2d 1083, 1087 [Crane, J.]) which held that a superseding prosecutor’s information, charging both a new crime, supported by the original factual allegation, as well as reiterating an originally charged offense, must be filed “not only before commencement of trial * * * but also within the periods prescribed by CPL 30.30 (subd 1).” Additionally, Reid held that excludable periods applicable to the original information could not, in turn, be applied to the superseding prosecutor’s information since the People were not prevented from filing such information within the prescribed speedy trial time limitations.
It is my view that Reid wrongly decided that the failure of the prosecutor to file his information within the periods prescribed by CPL 30.30 (subd 1) is tantamount to a failure of readiness. Buttressing this view is the decision of the Appellate Term in People v Colon (112 Misc 2d 790 [App Term, 1st Dept]), which reversed the Criminal Court deci *803 sion relied on by Reid (cited as People v Colon, 110 Misc 2d 917 [Atlas, J.]). In Colon, the Appellate Term held that where defendant failed to appear on a desk appearance ticket, the People did not have to convert the misdemeanor complaint to an information within the speedy trial limits since such conversion could have been accomplished prior to trial. (See, also, People v Callender, 112 Misc 2d 28 [App Term, 1st Dept], 101 Misc 2d 958 [H. Altman, J.]). So too here; especially where the superseding information and the original information charge the same offenses and contain essentially the same supporting factual allegations. Moreover, the very language of CPL 100.50 (subd 2) permits such filing “[a]t any time before * * * commencement of a trial of an information”. The Legislature could hardly have been clearer in stating until when the filing is permissible. While it may be that, in a particular case charging a new offense, the superseding information may, somehow, implicate the speedy trial provisions, there cannot be any complaint when the superseding information repeats the original charge and factual allegations, although in more artful draftsmanship.
Finally, I disagree with Reid’s holding that the excludable periods applicable to the original information do not also apply to the superseding information. Since the prescribed time period runs from “commencement of a criminal action” (CPL 30.30, subd 1, par [b]), the prosecution’s obligation to be ready is calculated from the date the first accusatory instrument is filed (People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351). In reaching this conclusion, the Lomax case considered the time periods applicable to the original indictment which had been dismissed. (People v Lomax, supra, p 358, n 2.) Therefore, contrary to Reid, I hold that, in deciding the speedy trial issue, any periods of excludable time that are applicable to the first accusatory instrument are equally applicable to the second instrument. Any other result would be bizzare. This conclusion is reinforced by CPL 1.20 (subd 17) which states that “if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed.” Since the speedy trial statute (CPL *804 30.30) refers to “commencement of a criminal action”, it would distort the “elaborate and detailed scheme for computing the statutory period, [which] * * * expressly provides for exclusion of certain periods” (People v Osgood, supra, p 41), if it were held, in cases involving more than one accusatory instrument, that the earlier excludable periods do not apply to the last instrument. Therefore, since the prescribed period has not been exceeded with respect to the first information, it has not been, on this analysis, exceeded with regard to the superseding information.
Defendant’s remaining point concerns the failure to arraign him on the prosecutor’s information filed, it will be recalled, on the morning of trial. Relying on CPL 100.50 (subd 2), which provides that “the original information is superseded by the prosecutor’s information and, upon the defendant’s arraignment upon the latter, is deemed dismissed”, he contends that the failure to so arraign him rendered the subsequent trial and judgment a nullity. While it is true that defendant should have been arraigned on the prosecutor’s information, the error hardly constitutes error warranting the drastic relief sought. Here the defendant complains not of the failure to be arraigned on the initial accusatory instrument but on a prosecutor’s information that tracked the former pleading. Indeed, it is likely that, as is the common practice in the Arraignment Parts in this court, defendant would have waived formal arraignment, which in this case would have constituted informing him of the charges and providing him with a copy of the new instrument (CPL 170.70, subd 2); a copy of which was in the possession of his attorney. The other essential arraignment purposes, i.e., counsel, bail, and communication with relative or friend (see, generally, CPL 170.70) would, of course, not have been applicable. Moreover, this case is not similar to People v Moore (58 Misc 2d 122), where the failure to arraign a defendant on a long-form information, which superseded a uniform traffic ticket, was held to render trial a nullity. In Moore, unlike the instant case, defense counsel “objected to proceeding on the long-form information on the ground that the defendant had never been arraigned on such information” (58 *805 Misc 2d, at p 123). Here, to the contrary, not only did defendant not object to proceeding on the prosecutor’s information without arraignment, but on the day after the jury had been selected, and when it was twice incorrectly stated that defendant had waived such arraignment, defense counsel neither corrected the court nor objected to proceeding with trial. Having failed to complain, defendant cannot now be permitted to do so. This is especially so in the absence of any showing of prejudice, and here there could have been none since he already had notice of the charges, an essential purpose of arraignment. Unlike People v Weinberg (34 NY2d 429), which concerned a pleading that, absent waiver by the defendant, did not, and could not, confer jurisdiction to try the defendant, the instant case concerns, at best, a mere procedural irregularity.
Almost 60 years ago, a strikingly similar case, Garland v Washington (232 US 642), was decided by a unanimous Supreme Court. In Garland (p 643), a previous information charged a larceny of “ ‘one thousand dollars ($1,000) in lawful money of the United States’ ”. Although initially convicted on the charge, he was retried on a superseding information which charged (p 643) “larceny of ‘a check payable for the sum of one thousand dollars in money.’ ” Defendant, however, was not arraigned on the second information. In rejecting the claim that defendant had been denied due process of law, the court overruled an earlier precedent and rejected (pp 646-647) “technical enforcement of formal rights in criminal procedure” quoting the dissenting opinion in the earlier case, in language apt to the instant case (p 646): “ ‘Here the defendant could not have been injured by an inadvertence of the nature. He ought to be held to have waived that which under the circumstances would have been a wholly unimportant formality. A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an *806 objection, and then for the first time urge it in this court.’ ” (See, also, United States v Romero, 640 F2d 1014, 1015.)
Accordingly, defendant’s motion to set aside the verdict, to declare the trial and judgment a nullity, and to dismiss the information is denied.

. “Deponent states that the defendant knowingly and unlawfully possessed a controlled substance, in that deponent observed the defendant pass to an unknown individual one tin foil packet containing eight envelopes of POP.
“Deponent further states that while attempting to arrest the defendant, deponent was compelled to use necessary force in that the defendant struggled with deponent during which time defendant grabbed the deponent’s loaded gun and attempted to take said gun away from deponent.
“Deponent further states that the defendant refused to be handcuffed and that deponent was compelled to use further force to handcuff the defendant.”

. “Said defendant, in the County of New York, on or about September 25, 1981, did possess a controlled substance, to wit: Phencyclidine * * *
“Said defendant, in the County of New York, on or about September 25, 1981, did intentionally prevent or attempt to prevent a police officer from effecting an authorized arrest of the defendant, by running away from the police officer, grabbing the police officer’s gun, and struggling with the police officer as the officer attempted to stop and handcuff the defendant.”

. Preliminarily, I conclude that.this motion was not untimely since it concerned the superseding information. As the defense correctly argues, this motion could not have been made prior to January 7, the date such information was filed.