OPINION OF THE COURT
Shirley R. Levittan, J.
Defendants have moved to dismiss the indictment charging them with criminal sale of a controlled substance in the first degree and lesser included possessory counts, on the ground that they have been denied their right to a speedy trial pursuant to the provision of CPL 30.30. The motion is two-pronged. The first issue was whether dismissal was warranted because the chargeable time exceeded six months. That question was answered in the negative by this court in a written decision dated October 18, 1982 which concluded that the chargeable time amounted to only 167 days. The remaining issue to be decided in this opinion is whether the defendants’ right to a speedy trial was violated because defendant Carlos Munoz was allegedly not arraigned on the indictment in Supreme Court until March 4, 1982. Defendant Munoz contends that the *57 indictment must be dismissed on speedy trial grounds because the People could not as a matter of law have been ready for trial within the statutory six-month period (CPL 30.30, subd 1, par [a]), due to the fact that he was not arraigned on the Supreme Court indictment until approximately TO calendar months after it was filed on May 4, 1981. Counsel for codefendant Molinares has adopted this motion, which is denied in all respects.
Relying on CPL 210.10 and 210.15, counsel for Mr. Munoz notes that a defendant must be arraigned personally upon the filing of a superior court indictment, and that upon arraignment, the court must inform him of the charges against him. Under CPL 210.15 (subd 1) the District Attorney must furnish the defendant with a copy of the indictment. (See, also, Fed Rules of Grim Pro, rule 10 [US Code, tit 18, Appendix].) It should be noted that on May 20, 1981, Mr. Munoz’ bail was reduced upon an application by his counsel who was furnished with a copy of the indictment, the voluntary disclosure form, laboratory reports, and the search warrant. Counsel for both defendants were provided with copies of tape recordings during May and June of 1981.
It is quite clear, therefore, that Carlos Munoz, who was represented by counsel throughout the pendency of these proceedings enjoyed all of the legal rights to which a criminal defendant is entitled upon arraignment, notwithstanding his contention that he never formally participated in that procedure upon the filing of the Supreme Court indictment.
The circumstances of this case wherein Carlos Munoz actively participated in pretrial proceedings make it clearly distinguishable from some of the cases cited by counsel to support their contention that the indictment must be dismissed pursuant to CPL 30.30 because of the court’s failure to arraign him. In People v Smoot (112 Misc 2d 877, affd 86 AD2d 880), cited by counsel for defendant Molinares, an indictment was dismissed pursuant to CPL 30.30 (subd 1, par [a]) because the defendant was not served pursuant to CPL 210.15 (subd 1) with the indictment that was actually voted against him, until more than six months had elapsed after the commencement of a *58 felony prosecution. A document which purported to be the correct indictment and served upon the defendant within two months of the commencement of the prosecution was held to be a nullity because it was not the actual indictment that was voted against him by the Grand Jury. The case at bar is clearly distinguishable from People v Smoot (supra), because counsel for Mr. Munoz was provided with a copy of the actual indictment on May 20, 1981, less than one month after this felony prosecution was commenced with the filing of a felony complaint in criminal court on April 30, 1981. It is indisputable that the indictment that was served upon Mr. Munoz through his counsel on May 20, 1981, was the correct accusatory instrument, which fulfilled its primary function of informing him of the crimes with which he was charged, and did so with sufficient fullness and clarity so as to allow him to prepare for trial. (People v Dairylea Coop., 66 AD2d 974; People v Smoot, supra.)
This case is also distinguishable from People v Moore (58 Misc 2d 122), one of several cases cited in the affirmation dated April 1, 1982 by counsel for defendant Munoz. In Moore (supra), the defendant pleaded not guilty upon his arraignment on a uniform traffic ticket complaint which charged him with speeding. On the trial date, the uniform traffic ticket was superseded by a properly verified long form information charging the same violation as the uniform traffic ticket complaint. At the opening of the trial, defense counsel objected to proceeding on the long form information on the ground that the defendant had never been arraigned on such information and had entered no plea to it. The court held that the failure to arraign the defendant on the substituted long form information rendered the trial and conviction a nullity. At bar, to the contrary, not only did defendant Munoz fail to object to the proceedings against him in Part 30 without arraignment on the Supreme Court indictment, but he accepted discovery materials including tapes, from the prosecution, and requested time to file pretrial motions. Moreover, no objection was made when the court indicated that it was making Mr. Molinares’ motions applicable to Carlos Munoz. Having failed to object to the lack of arraignment and having *59 actively participated in the bail reduction, discovery and motion proceedings which began as early as May of 1981, defendant Munoz cannot now expect the indictment to be dismissed on speedy trial grounds after he first made his request for such relief on February 23,1982, the date upon which the People answered that they were ready for trial. This is especially so in the absence of any showing of actual prejudice, which must be demonstrated before dismissal of an indictment will be warranted on the ground that a defendant has been denied due process of law. (People v Singer, 44 NY2d 241, 252; United States v Marion, 404 US 307.)
The court finds that Carlos Munoz was not subject to any prejudice as a result of the failure to arraign him on the Supreme Court indictment. As noted above, Munoz received a copy of the actual indictment on May 20,1981, and was continuously represented by highly competent counsel who was provided with discovery items on an ongoing basis relating to this prosecution. “What is necessary is that [the] defendant know what he is accused of and be able adequately to defend himself” (United States v Romero, 640 F2d 1014, 1015). In Garland v Washington (232 US 642, 643), the court rejected the claim that a defendant was denied due process of law when he was convicted upon a second and amended information that was filed after his prior conviction under the original information, charging him with the larceny of “ ‘one thousand dollars ($1,000) in lawful money of the United States’ ”, was set aside. No plea or arraignment was had upon the second information which charged him with larceny of “a check payable for the sum of one thousand dollars in money.” (Supra, p 643.) In rejecting the claim that the defendant was denied due process of law, Mr. Justice Day cited the earlier case of Rogers v Peck (199 US 425) and wrote, “Due process of law, this court has held, does not require the State to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution. * * * Tried by this test it cannot for a moment be maintained that the want of formal arraignment deprived the accused of any substantial right or in any wise changed the *60 course of trial to his disadvantage.” (Garland v Washington, 232 US 642, 645, supra.) In language particularly apt in the case at bar, Mr. Justice Day adopted the dissenting view of Mr. Justice Peckham in Crain v United States (162 US 625, 646), and observed, with respect to the lack of an arraignment or plea by the defendant to the second information, “ ‘Here the defendant could not have been injured by an inadvertence of that nature. He ought to be held to. have waived that which under the circumstances would have been a wholly unimportant formality. A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court.’ ” (Garland v Washington, supra, p 646; see, also, People v White, 115 Misc 2d 800.)
The court finds that in the circumstances of this case, there was no violation of Mr. Munoz’ right to a speedy trial because of the alleged failure to arraign him on the Supreme Court indictment within six months of the commencement of this felony prosecution.
Accordingly, the motion to dismiss the indictment pursuant to CPL 30.30 is denied in all respects as to both defendants.