OPINION OF THE COURT
Bonnie Wittner, J.
The defendant, Leroy Owens, was arrested on October 28, 1983, and charged with driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 2) and unlicensed driver (Vehicle and Traffic Law, § 509, subd 1). The defendant now moves to dismiss the driving while intoxicated charge on the ground that the People failed to timely convert the complaint to a jurisdictionally sufficient information within 90 days as required by CPL 30.30. (See People v Colon, 110 Misc 2d 917, affd 59 NY2d 921.)
The original accusatory instrument was sworn to on November 1, 1983. The accusatory section of that instrument charged the defendant with violations (Vehicle and Traffic Law, § 1192, subd 2) and with being an unlicensed driver (Vehicle and Traffic Law, § 509, subd 1). The factual *641 portion of the instrument sets out sufficient facts to support the unlicensed driver charge and the driving while intoxicated charge under any of the subdivisions of section 1192 of the Vehicle and Traffic Law. The deponent stated that he observed the defendant operate a vehicle in an unreasonable manner, swerving from side to side. The deponent further observed that the defendant had slurred speech, smelled of alcohol and was unsteady on his feet. The deponent also stated that he was informed by another officer that the defendant’s blood alcohol level exceeded the legally permissible standard.
The People acknowledge that no corroborating affidavit was ever filed from the officer who performed the chemical test on the defendant. The People have filed a prosecutor’s information charging the defendant with driving while intoxicated in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law and retaining the unlicensed driver charge from the original accusatory instrument.
The defendant’s motion to dismiss raises two separate issues under CPL 30.30. First, did the People have a jurisdictionally sufficient instrument on which they could bring the defendant to trial. Second, may the People file a prosecutor’s information to cure any possible defects in their earlier pleadings.
CPL 30.30 requires the People to answer ready for trial within 90 days of the commencement of an action in which the defendant is charged with an A misdemeanor. Under Colon (supra), one of the prerequisites for answering ready is that the People have converted the misdemeanor complaint to an information. The difference between these two forms of pleadings is that a misdemeanor complaint can contain hearsay but an information may not (CPL 100.10; People v Arturo, 122 Misc 2d 1058).
In the case before us, the original accusatory instrument was based on the personal observation of the deponent with one critical exception that will be discussed shortly. The original accusatory instrument therefore was in fact largely a jurisdictionally sufficient information. The exception and the problem in this case is that the People failed to file a corroborating affidavit from the officer who *642 performed the chemical test ón the defendant. Since the 90-day time period has expired, it would be a nullity for the People to offer such an affidavit at this time.
The People concede that they failed to timely convert the charge of driving while intoxicated under subdivision 2 of section 1192 of the Vehicle and Traffic Law tó a jurisdictionally sufficient information. However, they argue that they can proceed with a driving while intoxicated charge on subdivision 3 of section 1192 of the Vehicle and Traffic Law. This court finds that subdivision 3 of section 1192 of the Vehicle and Traffic Law was absent from the accusatory section of the original instrument but that there were sufficient factual allegations, in nonhearsay form, to support a charge under subdivision 3 of section 1192 of the Vehicle and Traffic Law.
The fact that subdivision 3 of section 1192 of the Vehicle and Traffic Law was not charged in the accusatory section of the original instrument is not dispositive of this case. Section 1196 of the Vehicle and Traffic Law permits a conviction under any of the three subdivisions of section 1192 of the Vehicle and Traffic Law, even if the accusatory section of the instrument only charged the defendant under subdivision 2 or 3 of section 1192 of the Vehicle and Traffic Law. (See People v Fielder, 78 Misc 2d 7.)
This court holds that in spite of the People’s failure to timely convert the charge of driving while intoxicated under subdivision 2 of section 1192 of the Vehicle and Traffic Law to a jurisdictionally sufficient information, the People did have a jurisdictionally sufficient information to try the defendant on the charges of driving while intoxicated under subdivision 3 of section 1192 of the Vehicle and Traffic Law and being an unlicensed driver in violation of subdivision 1 of section 509 of the Vehicle and Traffic Law.
The issue now before the court is what was the effect of the filing of the prosecutor’s information more than 90 days after the commencement of this proceeding. The defendant argues that the holding in People v Reid (110 Misc 2d 1083) requires the dismissal of the entire proceeding. That case holds that the filing of a prosecutor’s information *643 after the expiration of the CPL 30.30 time period is grounds for a dismissal. This court respectfully disagrees.
The Reid case is distinguishable from the case at bar. In Reid (supra), the superseding prosecutor’s information added an additional charge. In the case before us now the prosecutor’s information is being used merely to amend the accusatory section of an otherwise valid and jurisdiction-ally sufficient instrument.
CPL 100.45 outlines the procedures for amending the accusatory section of an information. This court holds that those procedures were complied with in this proceeding. (See People v Harper, 37 NY2d 96.)
In the case before us the People have forthrightly conceded that they cannot prosecute the defendant under subdivision 2 of section 1192 of the Vehicle and Traffic Law. The People in a timely manner have used the prosecutor’s information to inform the defendant that he will be prosecuted under subdivision 3 of section 1192 of the Vehicle and Traffic Law, not to cure any deficiency in the original pleading. The People at all times have had a sufficient information to prosecute under subdivision 3 of section 1192 of the Vehicle and Traffic Law based on the language of section 1196 of the Vehicle and Traffic Law. This court holds that CPL 30.30 does not limit the People’s right to fully inform the defendant of the charges against him when there was a sufficient information based on section 1196 of the Vehicle and Traffic Law.
This court finds the other contentions raised by the defendant are without merit.
The defendant’s motion is denied.