OPINION OF THE COURT
Sam Eisenberg, J.
The defendant has moved to dismiss the charges against him for failure to try him speedily raising thereby an issue which has recently divided the courts. On January 6, 1984, this defendant was arrested and on January 10,1984, he was arraigned on the charges of unlawful possession of marihuana (Penal Law, § 221.05) and resisting arrest (Penal Law, § 205.30). On July 17, 1984, the People filed a superseding information, eliminating the charge of resisting arrest and adding a new charge of harassment (Penal Law, § 240.25, subd 1). CPL 30.30 (subd 1, par [b]) mandates the dismissal of misdemeanor charges if the People are not ready for trial within 90 days of the commencement of the action, excluding time which is not chargeable against the 90-day period, for reasons set forth in CPL 30.30 (subd 4). Clearly more than 90 days have elapsed since the defendant’s original arraignment, but an examination of the record indicates that by the deduction of the excludable time the 90-day period has not been exhausted. The defendant contends, however, that the excludable periods are not chargeable against the new charge of harassment filed under the superseding information and that, therefore, this charge, at least, should be *273 dismissed under the authority of CPL 1.20 (subd 16) and 1.20 (subd 17). Under the provisions of.CPL 1.20 (subd 16) and 1.20 (subd 17) there can be only one criminal action against a defendant arising out of a particular incident. Consistent with that rule any charge made following the original arraignment is deemed to have been made as of the date of the filing of the original accusatory instrument. (People v Osgood, 52 NY2d 37; People v Reid, 110 Misc 2d 1083.) That being the case, the defendant contends that if the excludable periods are not applicable to the new charge, then more than 90 days have elapsed since the filing of the original charge, and the People were not and could not possibly have been ready during that period on a charge which had not been made and was not in existence during the 90 days following the start of the action.
The defendant is supported in his position by three cases which have come to the attention of the court. They are: People v Reid (supra); People v Stephens (113 Misc 2d 1006) and People v Robinson (NYLJ, Nov. 25, 1983, p 13, col 4). A contrary view is expressed in People v White (115 Misc 2d 800) which rejected the conclusions of People v Reid (supra). All of these decisions are out of courts of original jurisdiction.
This court had occasion to consider the issue in the case of People v Gilmore, decided by it on May 9, 1984, wherein it adopted the reasoning of White (supra), concluding that excludable time was chargeable to a superseding information where-under two of the original charges against the defendant were withdrawn and only one charge out of the original accusatory instrument remained. The defendant argues, however, that even if the rule of White (supra) is properly applied to superseding informations which retain only a part of the original charges, the rule should not be applied to a new charge included in a superseding information. That was the determination of People v Robinson (supra), making a clear distinction between the application of excludable time to charges retained in a superseding information and to new charges in á superséding information. Similarly, in People v Reid (supra), the superseding information added a new charge and the court rejected the application of excludable time under CPL 30.30 to the new charge. But White (supra, p 803) disagreed with “Reid’s holding that the excludable periods applicable to the original information do not also apply to the superseding information.” Though White dealt with a superseding information which retained a part of the original charges and added no new ones, its view of the applicable law was broader in its implication than is suggested by Reid, and Robinson, and it found that “in deciding the *274 speedy trial issue, any periods of excludable time that are applicable to the first accusatory instrument are equally applicable to the second instrument” (p 803). The limitation sought by the defendant herein, at this time, is not to be found in White. While I have heretofore followed White in a case of a superseding information which added no new charges (see People v Gilmore, supra), it is my view that White’s rule applies equally to a superseding information which introduces a new additional charge, particularly where the new charge is based upon the same factual details as those which supported the original accusatory instrument.
The concept that a superseding charge is deemed to have been made as of the time of the original accusation is in furtherance of the statutory provision that there can be only one criminal action against a defendant arising out of a particular incident. This rule is explicitly set forth in CPL 1.20 (subd 16) which provides that: “A criminal action (a) commences with the filing of an accusatory instrument against a defendant * * * (b) includes the filing of all further accusatory instruments directly derived from the initial one”; and in CPL 1.20 (subd 17) which provides that: “17. ‘Commencement of criminal action.’ A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court, and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed.”
These provisions of the law have the salutary effect of protecting an accused against the danger and unfairness of an indefinite, continuous and uncertain prosecution. In the enforcement of the statutorily mandated right to a speedy trial provided by CPL 30.20 and the “ready” rule of CPL 30.30, the provisions of CPL 1.20 (subd 16) and 1.20 (subd 17) cause the time for trial to commence when the first accusatory instrument is filed and to run during any gaps and delays in the prosecution. The application of excludable time to all the accusatory instruments, arising out of a single incident, does no violence to the underlying concept that there can be only one criminal action. To the contrary it reinforces it. Nothing contained in CPL 30.30 (subd 4) would limit the exclusion of periods set forth therein to the original accusatory instrument. The refusal to apply excludable periods to a new charge under a superseding information strains the intent of CPL 30.30 and of CPL 1.20. It calls for an excessively technical interpretation which distorts the purpose of referring the new charge back to the original accusatory instrument. It grants a privilege and advantage to a defendant, not contemplated by any statutory authority. No inordinate delay in *275 a trial nor prejudice to a defendant’s rights need necessarily result from the addition of a new charge, premised on the same factual details as charged under the original accusatory instrument. If, in fact, the rights of a defendant to a speedy trial are threatened or violated by the addition of a new charge, relief may be sought under CPL 30.20 which mandates a speedy trial. It is not necessary to the protection of a defendant’s rights to impose a restriction not contemplated by CPL 30.30. For these reasons, I conclude that excludable time under CPL 30.30 (subd 4) is chargeable to all of the charges against the defendant, whether made under the original accusatory instrument, or under any superseding information including any added charges under a superseding information. The defendant’s motion to dismiss all of the charges or any of them is, therefore, denied.