OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered May 19, 1999 affirmed.
Defendant’s present objection to the court’s apparent failure to formally arraign him on the prosecutor’s information, to the extent reviewable without timely protest below (compare, People v White, 115 Misc 2d 800, 804-805; see also, People v Casey, 95 NY2d 354), is lacking in merit. Since the prosecutor’s information added no new charges and merely tracked the nonfelony offenses contained in the original accusatory instrument on which defendant was properly arraigned, the absence of a formal arraignment on the prosecutor’s information was at most a “procedural irregularity” which does not require reversal of defendant’s otherwise valid conviction (People v White, supra, 115 Misc 2d, at 805).
The prosecutor’s information insofar as it charged defendant with second degree harassment was facially sufficient since it specifically referred to the statute defining the offense charged and set forth “a plain and concise statement of the conduct constituting [that] offense” (CPL 100.35), i.e., that defendant subjected the complainant correction officer to “physical contact, or attempt [ed] or threaten [ed] to do the same.” Nor was it incumbent upon the People to include in the prosecutor’s information an allegation concerning the element of intent, at least in these circumstances where it is undisputed that the original accusatory instrument properly pleaded the intent element of the second degree harassment count contained in both instruments (cf., People v Tarka, 75 NY2d 996). “[W]here jurisdictional sufficiency is concerned, a prosecutor’s information will be tested by the same standards as an indictment” (Preiser, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.35, at 253), an instrument which, “as a general rule * * * need only allege where, when and what the defendant did” (People v Iannone, 45 NY2d 589, 598 [internal quotation marks omitted]).
McCooe, J. P., Gangel-Jacob and Suarez, JJ., concur.